In the Matter of PAUL JEANOTTE, Petitioner, v CITY OF ROCHESTER POLICE DEPARTMENT et al., Respondents.

Petitioner contends further that the hearing board erred in denying his motion to dismiss the charges against him for failure to specify the dates of the alleged violations; that he was denied due process because the times specified for the occurrences were so indefinite that he was unable to defend against them. The essential function of charges in a disciplinary proceeding, like the function of an indictment in a criminal action, "is to provide the [accused] with sufficient information regarding the nature of the charge and the conduct which underlies the accusation to allow him or her to prepare or conduct a defense" (*People v Morris,* 61 NY2d 290, 293; *see, Matter of Fitzgerald v Libous,* 44 NY2d 660, 661). Whether, in a particular case, the charges and bill of particulars provide an accused with sufficient specificity to adequately prepare a defense depends upon all of the relevant circumstances. These circumstances include: whether the interval ascribed for a particular offense is so excessive on its face that it is unreasonable; whether the respondent has exerted diligent efforts to state the time more specifically; and whether, under the circumstances, the designated period is reasonable (*People v Morris,* 61 NY2d 290, 296-297, *supra*).

Here, the charges allege that the acts of misconduct occurred "between January 1, 1982, and October 3, 1982" while petitioner was on duty. The bill of particulars specifies that the occurrence referred to in specification I of charge I occurred during the warm months of 1982, one week before the incident referred to in specification II of charge I. As to specification II, the bill of particulars states that the incident occurred on a Sunday, in the early evening hours, while it was still daylight, "during the warmer months, in late summer or early fall of 1982" (Aug.-Sept.), and that petitioner was on duty on three Sundays during this period, August 15, 22 and 29. In response to the motion for the bill of particulars, respondents satisfactorily showed that, despite diligent efforts, they were unable to state the time more specifically.

Upon the hearing, the complaining witness was unable to say when or in what month the incident alleged in specification I occurred and the time cannot be inferred from other testimony. Although the time specified in the bill of particulars covered a period of 60 days, we need not determine whether that period was so excessive on its face as to be unreasonable. At the hearing, respondent failed to prove that the event alleged in

specification I occurred either during the period stated in the bill of particulars or during any particular period of time. Thus, petitioner was unable to adequately prepare a defense, and we dismiss that specification.

As to specification II, however, petitioner was provided with sufficient specificity to adequately prepare a defense. The bill of particulars limited the occurrence to a Sunday during August and September of 1982. The testimony at the hearing indicated that the event occurred on a Sunday at approximately 7:30 P.M. during the three-month period between June and August. Petitioner worked in the evening only eight Sundays during this period and at the hearing he placed into evidence his activity reports for those days. Under the circumstances, the time span was not unreasonable. In *People v Morris* (*supra,* p 297), the Court of Appeals upheld an indictment where the crimes were alleged to have occurred within a period of 24 days, stating that the defendant was not prevented from preparing a defense, "notwithstanding that it would be easier to prepare an alibi defense if the exact date and time of the offense were known and provided." Here, since the time ascribed is confined to only eight possible days, and since the petitioner was not prevented from preparing his defense, we may not dismiss this specification for indefiniteness. Although the proof as to time did not strictly conform to the bill of particulars, that defect is not fatal (*see,* 3 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 3025.31, 3041.22).

Having dismissed one of the specifications upon which the penalty of discharge was imposed, we remit the matter to respondent Leach for reconsideration of the penalty. (Article 78 proceeding transferred by order of Supreme Court, Monroe County, Patlow, J.) Present — Hancock, Jr., J. P., Callahan, Boomer, Green and Schnepp, JJ.