■ In the Matter of JANELLE BURGESS, Petitioner, v EMANUEL POPOLIZIO, as Chairman of the New York City Housing Authority, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Housing Authority dated June 17, 1988, which, after a hearing, terminated the petitioner's tenancy in a public housing dwelling unit on the ground of nondesirability.

Adjudged that the determination is confirmed and the petition is dismissed, without costs or disbursements.

Acting on a complaint that someone in the petitioner's apartment possessed a gun, the New York City Housing Authority (hereinafter the Housing Authority) police proceeded to the apartment to investigate. The petitioner consented to a search *(cf., Matter of Tejda v Christian,* 71 AD2d 527) which produced a .357 magnum pistol and drug paraphernalia containing cocaine residue. Although criminal charges against the petitioner for illegal possession of these items were subsequently dismissed, the Housing Authority served the petitioner with notice that it would seek to terminate her tenancy on the ground of nondesirability *(see generally, Escalera*

*v New York City Hous. Auth.,* 425 F2d 853, *cert denied* 400 US 853; *Matter of Vinson v Greenburgh Hous. Auth.,* 29 AD2d 338, *affd* 27 NY2d 675). The petitioner now challenges the determination, made after hearing, to terminate her tenancy.

Although the petitioner attempted to attribute ownership of the contraband to others who used her apartment, there is substantial evidence to support the respondent Housing Authority's determination to attribute . possession to her for purposes of the issue then before it *(cf., Matter of Forman v New York City Hous. Auth.,* 66 NY2d 899; *see generally, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Rozier v Christian,* 74 AD2d 875). Moreover, we discern no basis for disturbing the determination to terminate her tenancy *(cf., Matter of Forman v New York City Hous. Auth., supra; Matter of Rozier v Christian, supra),* and, instead, to create a probationary tenancy *(see, Escalera v New York City Hous. Auth., supra).* Brown, J. P., Harwood, Miller and Ritter, JJ., concur.