■ In the Matter of GERALDINE GIBSON, Petitioner, v LAURA D. BLACKBURNE, as Chair of the New York City Housing Authority, et al., Respondents. [607 NYS2d 345] —Determination of respondent New York City Housing Authority, dated April 24, 1991, which terminated the tenancy of the petitioner in a public housing project upon the ground of non-desirability, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred by order of the Supreme Court, Richmond County [John Leone, J.], entered September 27, 1991), is dismissed, without costs.

The record reveals that the determination of the Housing Authority terminating petitioner's public housing tenancy on the basis of non-desirability, was supported by substantial evidence adduced at the hearing, including the testimony of an undercover officer as to illegal drug trafficking and possession at the subject premises, and should therefore not be disturbed on appeal *(see, Matter of Lahey v Kelly,* 71 NY2d 135, 140).

Pursuant to paragraph 1 (A) (1) of the Housing Authority's Termination of Tenancy Procedures, grounds for termination of tenancy include "NON-DESIRABILITY", defined by the Authority as, *inter alia,* "conduct or behavior of the tenant or any person occupying the premises of the tenant which constitutes * * * [a] danger to the health and safety of the tenant's neighbors".

We find no abuse of discretion in the Hearing Officer's

sustaining all of the specifications on charges of non-desirability against the tenancy by "an overwhelming preponderance of the evidence", and in finding that the tenant's conduct constituted a danger to the health and safety of other public housing tenants. The testimony of the undercover officer was that he had served as back-up to a buy and bust operation, as to two separate drug sales to undercover officers at the petitioner's premises on October 22, 1990 and November 7, 1990, and that recovered from the subject apartment during the execution of a search warrant were 129 vials of crack, 13 grains of marijuana, $4,387 in small bills, including $60 in pre-recorded buy money, and extensive drug paraphernalia. Petitioner did not present a credible defense to the charges against her tenancy (see, Matter of Berenhaus v Ward, 70 NY2d 436).

Nor did the Housing Authority determination improperly impute guilt to the petitioner for the drug-related actions of her husband, where, as here, the charged parties are the tenants of record of the subject apartment, and the Authority therefore need not prove that the alleged offender, petitioner's husband, resided at the subject premises at the time of the incidents that resulted in the termination of their tenancy (Lopez v Henry Phipps Plaza S., 498 F2d 937, 946).

Finally, the penalty imposed, terminating the petitioner's tenancy, was not so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness (Matter of Pell v Board of Educ., 34 NY2d 222, 233), since the use of the petitioner's apartment as a base for drug activity represented a danger to the health and safety of other tenants who resided in the same public housing community.

We have considered petitioner's remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Kupferman and Nardelli, JJ.