■ In the Matter of PAUL SAHNI, as Father and Natural Guardian of RASLEEN SAHNI, an Infant, Petitioner, v NEW YORK CITY BOARD OF EDUCATION et al., Respondents. [660 NYS2d 1003] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Board of Education, dated January 24, 1996, which, after a hearing, suspended Rasleen Sahni from school and transferred her to another school.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

In order to annul an administrative determination rendered following a hearing, a court must conclude that the record lacked substantial evidence to support that determination (*see, Matter of Lahey v Kelly,* 71 NY2d 135, 140; *Matter of Alfano v New York State Dept. of Social Servs.,* 227 AD2d 474; *Matter of Earles v Pine Bush Cent. School Dist.,* 224 AD2d 524, 524-525; *see also, Matter of Berenhaus v Ward,* 70 NY2d 436, 444; *Matter of Kenneth VV. v Wing,* 231 AD2d 1007; *Matter of Lawrence v Weinstein,* 181 AD2d 888). Moreover, it is the function of the administrative agency or the Hearing Officer, not the reviewing court, to weigh the evidence or assess the credibility of witnesses and determine which testimony to accept and which to reject (*see, Matter of Silberfarb v Board of Coop. Educ. Servs.,* 60 NY2d 979, 981).

Contrary to the petitioner's contention, the testimony of those students involved in the altercation which led up to the suspension of Rasleen Sahni provided ample evidence to support the respondents' determination that Ms. Sahni struck another student.

Further, contrary to the petitioner's contention, hearsay evidence is admissible in administrative proceedings and may serve as the basis for an administrative determination (*see, Matter of Gray v Adduci,* 73 NY2d 741; *Matter of Nieto v DeBuono,* 231 AD2d 573; *Matter of Andresen v State of N. Y. Dept. of Motor Vehicles,* 227 AD2d 617). In any event, the record is clear that the Hearing Officer did not base his determination on the alleged hearsay evidence. Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.