■ In the Matter of INGRID STROMAN, Respondent, v RUBEN FRANCO, as Chair of the New York City Housing Authority, Appellant. [676 NYS2d 591] —Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered May 7, 1996, which granted the petition and annulled the determination of respondent dated March 3, 1995, terminating the petitioner's tenancy in public housing for nondesirability and for violation of a 1991 stipulation, and remanded the matter for a de novo hearing before a different Hearing Officer or for the imposition of a "non-termination" penalty, unanimously vacated, and, upon our de novo review, the petition granted and the determination annulled, on the law, without costs, and the matter remanded to respondent for further proceedings in accordance with the decision herein.

Since the petition raised an issue of substantial evidence, Supreme Court should have transferred the proceeding to this Court pursuant to CPLR 7804 (g), and, accordingly, we vacate the judgment and review the administrative determination de novo. Our review of the record does not support the view that respondent violated due process. The allegations of bias and ineffective counsel did not amount to a denial of due process, and, in any event, the petition did not raise those issues. Instead, the petition addressed the sufficiency of the evidence and the harshness of the penalty, and these issues provide a basis for annulling respondent's determination.

Under the circumstances, respondent did not present substantial evidence to support the charges preferred against petitioner on the grounds of nondesirability. To sustain those charges, the applicable Housing Authority regulations require the Housing Authority to prove that the offender, here petitioner's son, resided in the subject apartment at the time of the conduct. They also provide that the penalty of termination of the tenancy may be avoided if the tenant offers proof, documentary or otherwise, establishing that the offender has left the apartment permanently. Such proof may be challenged by the Housing Authority (NY City Housing Authority Termination of Tenancy Procedures ¶ 6 [a], [d]).

Respondent's evidence was insufficient to establish that

petitioner's son resided in her apartment at the time of the August 19, 1994 arrest, since their police witness testified that on that occasion he confirmed the son's residence on the basis of his recollection of a prior verification provided by petitioner, and since respondent's evidence was contradicted by considerable evidence offered by petitioner, including her most recent sworn income and family composition statement. Although the Hearing Officer found some of petitioner's evidence not to be credible or probative, and such findings are to be accorded great deference, the record demonstrates that her proof was never specifically contradicted.

Petitioner's tenancy was also terminated upon the charge of her alleged violation of a 1991 stipulation in allowing her son to resume residence in her apartment. Respondent's determination in this regard was flawed because it relied primarily on petitioner's admissions that she had allowed her son on occasion to visit and eat at her apartment. While the stipulation, *inter alia*, forbade the son from both living at the apartment and from visiting the apartment, the charge was based only upon the former prohibition. We have held prohibitions on mere visitation to be unreasonable and to impose an impossible duty on a tenant (*Matter of Brown v Popolizio*, 166 AD2d 44, 52). Absent substantial evidence of occupancy; the nondesirable acts of an emancipated adult may not be imputed to a tenant-petitioner based only on their relationship (*Matter of Brown v Popolizio, supra*; *Matter of Hines v New York City Hous. Auth.*, 67 AD2d 1000, 1001). Thus, termination of petitioner's tenancy on the basis of the son's visits was unreasonable.

We also find, under the circumstances, the penalty of termination of tenancy to be unduly harsh and shockingly disproportionate (*Matter of Pell v Board of Educ.*, 34 NY2d 222; *Matter of Brown v Popolizio, supra,* at 57), as to this petitioner, who has lived in public housing for 20 years without incident, and her disabled daughter and infant granddaughters, all of whom would be evicted as a result of the nondesirable acts of her adult son, whom she is willing to bar from the premises. Concur—Milonas, J. P., Ellerin, Williams, Tom and Mazzarelli, JJ.