■ In the Matter of MICHELLE HAGAN, Petitioner, v RUBEN FRANCO, as Chair of New York City Housing Authority, Respondent. [707 NYS2d 434] —Petition, pursuant to CPLR article 78, in a proceeding transferred to this Court by order of the Supreme Court, New York County (Leland DeGrasse, J.), entered November 19, 1998, that challenged a determination, after hearing, of respondent New York City Housing Authority terminating petitioner's tenancy upon a finding that she was ineligible for continued occupancy in public housing on the ground that she violated both probation and a stipulation of permanent exclusion, unanimously granted, without costs, and the determination annulled.

On October 23, 1997, petitioner received a notice of hearing to answer charges that she violated the terms of a stipulation of permanent exclusion in that she "failed, neglected, or refused to permanently exclude Harry Hagan from [her] project apartment in violation of express conditions of continued occupancy placed on [her] tenancy." At the hearing, at which petitioner appeared *pro se*, respondent's investigator testified that he

visited petitioner's apartment on September 5, 1996. In response to his knock, "a male black in his 20's opened up the door." The man identified himself as "Harry." The investigator offered no further description, could not state how the man was dressed and made no inquiry concerning where he resided. He did not "recall [petitioner] being there."

Petitioner testified that she has resided in her apartment for 18 years. At the time of the investigator's visit, her son, Harry, was living on Carroll Street, in Brooklyn, but presently resided in Boston. She had gone to work on the date in question leaving her two other sons, ages 17 and 20, at home. She did not become aware that Harry was alleged to have been in the apartment until she received the hearing notice. None of her sons provided her with any information regarding the incident.

The evidence does not sustain the administrative finding that Harry Hagan was residing in petitioner's apartment in violation of the permanent exclusion order. There is no indication that Harry actually resided at the apartment, such as the presence of clothing or toiletries. Absent substantial evidence of occupancy, Harry's undesirability may not be imputed to petitioner solely because of family affiliation (*Matter of Stroman v Franco*, 253 AD2d 398, 399, *lv denied* 93 NY2d 817; *Matter of Brown v Popolizio*, 166 AD2d 44, 52; *Matter of Hines v New York City Hous. Auth.*, 67 AD2d 1000, 1001). In view of petitioner's long and apparently unblemished tenancy, respondent's determination was arbitrary, capricious, and contrary to law, and the penalty imposed constitutes an abuse of discretion (*Matter of Brown v Popolizio, supra*, at 57). Concur—Williams, J. P., Tom, Rubin and Andrias, JJ.