In the Matter of CONNIE SATTERWHITE, Petitioner, v TINO HERNANDEZ, as Chairperson and Member of the New York City Housing Authority, et al., Respondents. [790 NYS2d 124]—

Determination of respondent New York City Housing Authority, dated April 8, 2004, which terminated petitioner's tenancy on the ground of nondesirability, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Herman Cahn, J.], entered on or about August 4, 2004) dismissed, without costs.

The propriety of respondents' determination terminating petitioner's tenancy did not depend upon whether petitioner knew that drugs were being stored in and sold from her apartment (*see Department of Hous. & Urban Dev. v Rucker,* 535 US

125 [2002]). In any event, the hearing officer's decision not to credit petitioner's averment of ignorance of her apartment's criminal use is entitled to deference (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]). Respondent's determination is supported by substantial evidence, including, notably, the testimony of a police officer that he found a marijuana cigarette and two bags of marijuana in plain view in petitioner's living room, 69 rounds of .22 caliber ammunition in petitioner's dresser drawer, and 45 packets of heroin and 52 rocks of crack cocaine hidden in petitioner's apartment (*see Matter of Woody v Franco*, 260 AD2d 186 [1999], *lv denied* 94 NY2d 754 [1999]).

Petitioner's contention that the hearing officer was biased is not properly raised for the first time in her brief before this Court, and we decline to consider it (*see Gregory v Town of Cambria*, 69 NY2d 655, 657 [1986]; *Matter of Fanelli v New York City Conciliation & Appeals Bd.*, 90 AD2d 756 [1982], *affd* 58 NY2d 952 [1983]).

Since the termination of petitioner's tenancy was based upon her own conduct, and not just that of her ex-boyfriend, respondent was not obliged to offer her probation, even though she presented evidence that the ex-boyfriend had permanently moved out of her apartment by the time of the hearing (*see Matter of Walker v Franco*, 96 NY2d 891, 892 [2001]; *cf. Matter of Stroman v Franco*, 253 AD2d 398 [1998], *lv denied* 93 NY2d 817 [1999]). While we recognize the hardship to petitioner and her two minor children, we do not find that the penalty of termination shocks the conscience (*see e.g. Matter of Wooten v Finkle*, 285 AD2d 407, 408-409 [2001]; *Matter of Walker v Franco*, 275 AD2d 627, 628 [2000], *affd* 96 NY2d 891 [2001]). Concur—Buckley, P.J., Mazzarelli, Ellerin, Williams and Sweeny, JJ.