In the Matter of RALPH CAPONE, Petitioner, v PATCHOGUE-MEDFORD UNION FREE SCHOOL DISTRICT, Respondent. [832 NYS2d 283]—

Proceeding pursuant to CPLR article 78 to review a determination of Patchogue-Medford Union Free School District dated March 23, 2004, which adopted the recommendation of a hearing officer, made after a hearing, finding that the petitioner committed misconduct, and terminated the petitioner's employment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

In June 2003 two adult students of the Adult Education Program conducted by Patchogue-Medford Union Free School District (hereinafter the UFSD), reported to their instructor that the petitioner, an employee of the UFSD, initiated sexually explicit conversations with them and offered to perform certain sexual acts. As a result, the UFSD charged the petitioner with 18 specifications of misconduct pursuant to Civil Service Law § 75. After a hearing, 17 of the 18 charges were sustained, the hearing officer recommended that the petitioner's employment be terminated, and the UFSD terminated the petitioner's employment. The petitioner commenced this article 78 proceeding, contending that he was deprived of adequate notice of the charges against him, that the charges were not supported by substantial evidence, and that termination was too severe a penalty.

Here, the statement of charges was sufficient to give the petitioner notice of the charges against him and allow him to present a defense. Civil Service Law § 75 requires that "[a] person against whom removal or other disciplinary action is proposed shall have written notice thereof and of the reasons therefore, [and] shall be furnished a copy of the charges preferred against him" (*Matter of Fitzgerald v Libous*, 44 NY2d 660, 660-661 [1978]). Additionally, the charges must be reasonably specific in light of the circumstances, which include "whether the interval ascribed for a particular offense is so excessive on its face that it is unreasonable; whether the respondent has exerted diligent efforts to state the time more specifically; and whether, under the circumstances, the designated period is reasonable" (*Matter of Jeanotte v City of Rochester Police Dept.*, 110 AD2d 1081, 1082 [1985]). Given the petitioner's repeated contacts and conversations with the students, the charges against the petitioner identifying the relevant time period as May to June 2003 and Fall 2002 were adequate. Because the UFSD also provided him with the content of these conversations, the exact nature of his alleged misconduct was known to him as well.

There is substantial evidence in the record to establish that the petitioner, who held the position of custodial worker I, initiated sexually explicit conversations and offered to perform sexual acts with two adult students of the Adult Education Program conducted by the UFSD in the Fall of 2002, May 2003, and June 2003 (*see Matter of Pell v Board of Educ. of Union*

*Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230 [1974]). Additionally, it was the hearing officer's role "to weigh the evidence or assess the credibility of witnesses and determine which testimony to accept and which to reject" (*Matter of Sahni v New York City Bd. of Educ.*, 240 AD2d 751, 751 [1997]). In this regard, it was proper for the hearing officer to find the testimony of the two students to be credible, while finding the petitioner's testimony and that of his wife to be less than credible.

Prior to the preferment of the charges against the petitioner, he had an unblemished 19-year record with the UFSD. His evaluations were good to excellent over his years of service, and he received letters of commendation from the UFSD's superintendent of schools. Additionally, his conduct, while inappropriate and embarrassing to the adult students, did not endanger any minor children. His conduct also did not prevent them from attending class, nor did it involve any physical assault. Nonetheless, we are constrained by the Court of Appeals' decisions in *Matter of Waldren v Town of Islip* (6 NY3d 735 [2005]), and *Pell v Board* (*supra*) not to disturb the UFSD's determination, as it cannot be said as a matter of law that the penalty imposed on the petitioner herein, termination, is "so disproportionate to the offense as to be shocking to one's sense of fairness" (*Waldren, supra* at 736-737, quoting *Pell v Board, supra* at 237). In *Waldren*, the Court of Appeals held that, in the context of a 30-year career that was otherwise unblemished, an employee's use of his office computer to view internet pornography was sufficient to warrant termination. In view of such precedent, we cannot conclude that termination of the petitioner's employment was so disproportionate to the offense as to be shocking to one's sense of fairness (*see Matter of Waldren v Town of Islip, supra* at 736-737; *Matter of Schnaars v Copiague Union Free School Dist.*, 275 AD2d 462, 463 [2000]). Schmidt, J.P., Skelos, Lifson and Covello, JJ., concur.