■ In the Matter of ANNAMMA THOMAS, Appellant, v COUNTY OF ROCKLAND, DEPARTMENT OF HOSPITALS, Respondent. [865 NYS2d 661]—

Proceeding pursuant to CPLR article 78 to review a determination of the County of Rockland, Department of Hospitals, dated September 14, 2006, which adopted the recommendation of a hearing officer dated September 6, 2006 made after a hearing, finding the petitioner guilty of misconduct, and terminated her employment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

On November 12, 2005 a patient of Summit Park Hospital, where the petitioner worked as a licensed registered nurse, was discovered to be nonresponsive. The shift supervisor called a "code blue" and the petitioner and several other nurses responded. The petitioner subsequently was accused of failing to put the defibrillator on the proper setting, causing defibrillator treatment to be needlessly delayed, and failing to report her alleged error. The patient could not be revived and died. These allegations resulted in two charges of misconduct: (1) failure to follow proper procedures, and (2) failure to report. By determination dated September 14, 2006, the Acting Commissioner of Hospitals for the County of Rockland adopted all of the findings of fact and conclusions of law made by the hearing officer and found the petitioner guilty of both charges. The determination also adopted the recommendation of the hearing officer as to the penalty of termination, and terminated the petitioner's employment.

"The review of administrative determinations in employee

disciplinary cases made as a result of a hearing required by Civil Service Law § 75 is limited to a consideration of whether the determination is supported by substantial evidence" (*Matter of Mann v Town of Monroe*, 2 AD3d 527, 528 [2003]). "Moreover, it is the function of the administrative agency or the Hearing Officer, not the reviewing court, to weigh the evidence or assess the credibility of witnesses and determine which testimony to accept and which to reject" (*Matter of Sahni v New York City Bd. of Educ.*, 240 AD2d 751 [1997]; *see Matter of Duda v Board of Educ. of Uniondale Union Free School Dist.*, 34 AD3d 580, 581 [2006]). "An administrative penalty must be upheld unless it 'is so disproportionate to the offense as to be shocking to one's sense of fairness,' thus constituting an abuse of discretion as a matter of law" (*Matter of Kreisler v New York City Tr. Auth.*, 2 NY3d 775, 776 [2004], quoting *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 237 [1974]). Here, the determination that the petitioner, a nurse, committed misconduct by failing to properly utilize a defibrillator machine during a "code blue," is supported by substantial evidence. In addition, it cannot be concluded, "as a matter of law, that the penalty of [termination] shocks the judicial conscience" (*Matter of Kreisler v New York City Tr. Auth.*, 2 NY3d at 776; *see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d at 240; *see also Matter of Ellis v Mahon*, 11 NY3d 754 [2008]; *Matter of Torrance v Stout*, 9 NY3d 1022, 1023 [2008]). Skelos, J.P., Covello, Balkin and Dickerson, JJ., concur.