In the Matter of JEFFREY S. ROTH, Appellant, v MANHASSET UNION FREE SCHOOL DISTRICT, Respondent. [875 NYS2d 182]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Manhasset Union Free School District dated October 13, 2006, which adopted the recommendation of a hearing officer dated September 19, 2006, made after a hearing, finding the petitioner guilty of certain charges of misconduct

and incompetence and terminated his employment as an audiovisual technician, the appeal is from a judgment of the Supreme Court, Nassau County (LaMarca, J.), dated September 4, 2007, which denied the petition and dismissed the proceeding.

Ordered that the appeal is dismissed and the judgment is vacated; and it is further,

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the respondent.

Since the petition raises a substantial evidence question, the Supreme Court should have transferred the proceeding to this Court (*see* CPLR 7804 [g]). Nevertheless, since the record is now before us, we will treat the proceeding as if it had been properly transferred, and review the proceeding de novo (*see Matter of Patterson v State of N.Y. Off. of Children & Family Servs.*, 34 AD3d 684 [2006]; *Matter of Weingarten v Crime Victims Bd.*, 22 AD3d 763 [2005]; *Matter of Tutuianu v New York State*, 22 AD3d 503 [2005]; *Matter of Lynch v Coughlin*, 198 AD2d 889 [1993]).

The petitioner, Jeffrey S. Roth, an audiovisual technician for the respondent Manhasset Union Free School District, was charged with various acts of misconduct, including, among other things: making false or misleading statements with respect to his employment status with the respondent; physically threatening other employees of the respondent; making inappropriate comments of a sexual nature to students; attempting to impede investigations by the respondent; failing to perform his job responsibilities with respect to a school assembly; and failing to follow lawful directives of his immediate supervisor directing him to refrain from being alone with students. Following a hearing, the petitioner was found guilty of 14 of the 16 charges.

"The review of administrative determinations in employee disciplinary cases made as a result of a hearing required by Civil Service Law § 75 is limited to a consideration of whether the determination is supported by substantial evidence" (*Matter of Thomas v County of Rockland, Dept. of Hosps.*, 55 AD3d 745, 745-746 [2008], quoting *Matter of Mann v Town of Monroe*, 2 AD3d 527, 528 [2003]). Substantial evidence has been defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*People ex rel. Vega v Smith*, 66 NY2d 130, 139 [1985], quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). "Moreover, it is the function of the administrative agency or the Hearing Officer, not the reviewing court, to weigh

the evidence or assess the credibility of witnesses and determine which testimony to accept and which to reject" (*Matter of Duda v Board of Educ. of Uniondale Union Free School Dist.*, 34 AD3d 580, 581 [2006], quoting *Matter of Sahni v New York City Bd. of Educ.*, 240 AD2d 751 [1997]).

The determination under review is supported by substantial evidence. In addition, "the imposed penalty of dismissal was not so disproportionate to the offense as to be shocking to one's sense of fairness" or shocking to the judicial conscience (*Matter of Duda v Board of Educ. of Uniondale Union Free School Dist.*, 34 AD3d at 581; *see Matter of Ellis v Mahon*, 11 NY3d 754, 755 [2008]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222 [1974]).

The petitioner's remaining contentions are without merit. Fisher, J.P., Covello, Angiolillo and Dickerson, JJ., concur.