■ In the Matter of VERNAE OGLESBY, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [887 NYS2d 266]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Housing Authority dated December 6, 2006, which adopted the findings and recommendations of a hearing officer dated November 17, 2006, made after a hearing, and denied the petitioner's grievance seeking to establish her status as a remaining family member entitled to succeed to the tenancy of the apartment of her late brother John Oglesby, the petitioner appeals from a judgment of the Supreme Court, Kings County (Martin, J.), entered July 22, 2008, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the appeal is dismissed and the judgment is vacated; and it is further,

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

Since the petition raises the question of whether the challenged determination is supported by substantial evidence, the Supreme Court should have transferred the proceeding to this Court without deciding the merits of the petition (see CPLR 7804 [g]). Since the record is nonetheless now before us, we will treat the proceeding as if it had been properly transferred here in its entirety, and review the petition as if it had been initially considered by this Court (see Matter of Roth v Manhasset Union Free School Dist., 60 AD3d 771 [2009]; Matter of Bush v Mulligan, 57 AD3d 772 [2008]).

In approximately September 1995 the petitioner's brother John Oglesby (hereinafter the brother and/or the tenant of record) became the tenant of record of the subject apartment (hereinafter the apartment) in the Bayview Houses, a public housing development operated by the New York City Housing Authority (hereinafter the Authority). According to the Authority's records, the brother was the sole occupant in the apartment until his death on September 20, 2005.

Thereafter, the petitioner applied to succeed to the lease on

the apartment as a remaining family member of her brother. After her application was denied, she filed a grievance. After administrative denials, she asked for, and was granted, a hearing on the grievance before a hearing officer. The hearing extended over a period of months.

The Authority's proof at the hearing consisting of, inter alia, the testimony of its witnesses, as well as its regulations, three affidavits of income signed by the brother, and a tenant data summary form, all of which were introduced into evidence at the hearing, showed that the only person living in the apartment was the tenant of record John Oglesby. That proof also showed that the Authority neither had any record of written permission having been granted to the petitioner to reside in the apartment, nor did its management know that she was living there.

The petitioner testified at the hearing that she moved into the apartment to take care of her brother in May 2005. She further testified that he was sick and that she took care of him until his death in September 2005. Significantly, she did not testify that she received written permission from the Authority to reside in the apartment, nor did she assert that any specific person employed by the Authority knew of her presence there. She offered no proof other than her testimony.

In findings and recommendations dated November 17, 2006, the hearing officer found that the Authority's relevant regulations provided that a person could only succeed to a tenancy as a remaining family member if he or she were living in the apartment with the written permission of the Authority, and that the failure to obtain such permission and to reside in the apartment for one year prior to the death of the tenant of record meant one could not succeed to the tenancy as a remaining family member. The hearing officer further found that the documents described above did not list anyone but the brother as a member of the household, and that the Authority's management was unaware of the petitioner's presence until after the brother's death. Finally, the hearing officer found that the petitioner moved into the apartment in May 2005, less than one year prior to the death of the tenant of record. The hearing officer concluded that the petitioner was not a remaining family member and recommended that the grievance not be sustained. In a determination dated December 6, 2006, the Authority adopted these findings and recommendations and held that the grievance was not sustained. We confirm the determination dated December 6, 2006.

To find that a determination was supported by substantial ev-

idence requires "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). "[S]ubstantial evidence 'is less than a preponderance of the evidence' and, as a burden of proof, it demands only that a given inference is reasonable and plausible, not necessarily the most probable" (*Matter of Miller v DeBuono*, 90 NY2d 783, 793 [1997] [internal quotation marks and citations omitted]). " '[I]t is the function of the administrative agency or the Hearing Officer, not the reviewing court, to weigh the evidence or assess the credibility of witnesses and determine which testimony to accept and which to reject' " (*Matter of Duda v Board of Educ. of Uniondale Union Free School Dist.*, 34 AD3d 580, 581 [2006], quoting *Matter of Sahni v New York City Bd. of Educ.*, 240 AD2d 751, 751 [1997]; *see Matter of Roth v Manhasset Union Free School Dist.*, 60 AD3d 771, 772-773 [2009]).

Contrary to the petitioner's contention, the determination that she was not a remaining family member is supported by substantial evidence.

The petitioner's remaining contentions are either without merit or improperly raised for the first time in this proceeding. In light of our determination, we need not address the Authority's remaining contention. Rivera, J.P., Florio, Eng and Leventhal, JJ., concur.