■ In the Matter of JONATHAN HEADLEY, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellants. [928 NYS2d 342]—

Beginning in 1969, the petitioner resided with his mother, Muriel Headley, who was a tenant in an apartment within a public housing development administered by the New York City Housing Authority (hereinafter the Housing Authority). In September 2004, after the petitioner's 2003 arrest on drug charges, his mother signed a stipulation pursuant to which she agreed to permanently exclude the petitioner from the apartment in order to prevent termination of her tenancy. Upon approving the stipulation on October 20, 2004, the Housing Authority determined that the mother's occupancy of the apartment was subject to the petitioner's permanent exclusion. Muriel Headley died in December 2004. In September 2005 the drug charges against the petitioner were dismissed. In December 2005 the petitioner sought a lease in his own name as a "remaining family member" of his mother's household, but his request was denied, and he filed a grievance with the Housing

Authority. A hearing was held in June 2008, at which the petitioner contended, inter alia, that the stipulation was unenforceable. On the basis of the stipulation, however, the hearing officer rejected the grievance, and the hearing officer's determination was affirmed by the Housing Authority on June 25, 2008. The petitioner commenced this proceeding against the Housing Authority, Ricardo Elias Morales, and South Jamaica Houses, challenging the determination. The petitioner argued, among other things, that the stipulation was unenforceable. In its answer, the Housing Authority asserted, as an affirmative defense, that the petitioner's underlying challenge to the stipulation was time-barred because the statute of limitations expired in February 2005, four months after the stipulation was approved by the Housing Authority. The Supreme Court, in effect, struck that affirmative defense and transferred the proceeding to this Court.

In the context of judicial review of a determination "made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law" (CPLR 7803 [4]), substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180, 181-182 [1978]; *see Matter of Oglesby v New York City Hous. Auth.*, 66 AD3d 905, 907-908 [2009]). The stipulation executed by the petitioner's mother permanently excluding the petitioner from the premises constituted substantial evidence supporting the Housing Authority's determination that the petitioner was not entitled to a lease in his own name as a remaining family member (*see Matter of Harris v Hernandez*, 72 AD3d 450 [2010]; *Matter of Oglesby v New York City Hous. Auth.*, 66 AD3d at 907-908).

The petitioner's remaining contentions are without merit, as is the Housing Authority's contention on its appeal. Florio, J.P., Balkin, Eng and Leventhal, JJ., concur.