■ In the Matter of SAMUEL SHULER, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [931 NYS2d 329]—

The petitioner commenced this proceeding in the Supreme Court to challenge a determination, made after an administrative hearing, of the New York City Housing Authority (hereinafter NYCHA) to terminate his tenancy on the ground of nondesirability based on the police finding a loaded weapon and ammunition in his NYCHA apartment. In his petition, the petitioner, in effect, asserted that the determination was not supported by substantial evidence and challenged the penalty of terminating his tenancy as an abuse of discretion.

In the order appealed from, the Supreme Court granted the petition to the extent of remitting the matter to the NYCHA for a further hearing to determine whether the petitioner's tenancy record with the NYCHA was otherwise unblemished and, if so, whether the penalty of termination of his tenancy was proper. The NYCHA appeals.

Since the petition raises the question of whether the challenged determination is supported by substantial evidence, the Supreme Court should have transferred the proceeding to this Court without deciding the merits of the petition (*see* CPLR 7804 [g]). Nevertheless, since the record is before us, we will treat the matter as one initially transferred here and will review the proceeding de novo (*see Matter of Blake v New York City Hous. Auth.*, 78 AD3d 1175 [2010]; *Matter of Roth v Manhasset Union Free School Dist.*, 60 AD3d 771 [2009]).

Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). In finding an agency determination supported by substantial evidence, the proof must be more than "seeming or imaginary" (*id.* at 180). Further, in conducting a substantial evidence review, we are bound by the facts and record submitted to the agency, and cannot consider

evidence submitted for the first time in a CPLR article 78 proceeding (*see Matter of Kelly v Safir*, 96 NY2d 32, 39 [2001]; *Matter of Featherstone v Franco*, 95 NY2d 550, 554-555 [2000]; *Matter of Yarbough v Franco*, 95 NY2d 342, 347 [2000]).

Here, the determination of nondesirability is supported by substantial evidence, as it is based on evidence adduced at the hearing which indicated that the police found, in plain view, a loaded handgun for which the petitioner could not produce a license, and a box of ammunition, along with police reports showing that the handgun and ammunition were fully operable (*see Matter of Zimmerman v New York City Hous. Auth.*, 84 AD3d 526 [2011]; *Matter of Jackson v Hernandez*, 63 AD3d 64 [2009]; *Matter of Bell v New York City Hous. Auth.*, 49 AD3d 284 [2008]; *Harris v Hernandez*, 30 AD3d 269 [2006]; *Matter of Satterwhite v Hernandez*, 16 AD3d 131 [2005]; *Matter of Burgess v Popolizio*, 169 AD2d 831 [1991]; *see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 180).

We discern no basis for disturbing the determination to terminate the petitioner's tenancy (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231 [1974]; *Matter of Jackson v Hernandez*, 63 AD3d 64 [2009]; *Matter of Satterwhite v Hernandez*, 16 AD3d 131 [2005]; *Matter of Burgess v Popolizio*, 169 AD2d 831 [1991]).

Accordingly, upon our de novo review of the proceeding, we confirm the NYCHA determination, deny the petition, and dismiss the proceeding on the merits. Dillon, J.P., Belen, Roman and Miller, JJ., concur.