■ In the Matter of DOUGLAS MANZ, Petitioner, v COUNTY OF SUFFOLK et al., Respondents. [944 NYS2d 243]—

Proceeding pursuant to CPLR article 78 to review a determination of the Suffolk County Department of Probation dated May 24, 2010, which adopted the findings and recommendations of a hearing officer, made after a hearing, finding the petitioner guilty of one charge of misconduct, comprising three specifications, and suspended him from employment for a period of 10 days, without pay.

Adjudged that the petition is granted to the extent that the determination with respect to charge one, specification five, is annulled, that specification is dismissed, the determination is otherwise confirmed, the petition is otherwise denied, and the proceeding is otherwise dismissed, with costs to the respondents.

On February 3, 2008, the petitioner, a Suffolk County Probation Officer, was asked to work an overtime shift at the Hauppauge Holdover Facility, which detains juvenile delinquents awaiting an appearance before the Family Court. After entering the facility and signing in, the petitioner proceeded into the kitchen, which was an area that, although not locked, the juveniles were prohibited from entering. The petitioner took off his coat and noticed that he had left a utility knife on his belt. He removed the knife, put it in his coat pocket, rolled his coat up, placed the coat inside a filing cabinet, and then stacked egg crates in front of the filing cabinet. At the end of the petitioner's shift, he removed the knife from the filing cabinet. A coworker noticed the knife and informed her superior. As a result, the petitioner was charged with carrying a weapon during working hours without proper authorization in violation of the Suffolk County Disciplinary Manual (charge one, specification five), as well as the Probation Department Holdover Facility Policies and Procedures (charge one, specification six), and it was alleged that the petitioner was negligent in the performance of his duties (charge one, specification seven). After a hearing, the petitioner was found guilty of those specifications and suspended from employment for a period of 10 days, without pay.

As the petitioner correctly contends, the respondents failed to

carry their burden of proof demonstrating that the Suffolk County Disciplinary Manual applies to him (*see Matter of Delmage v Mahoney*, 224 AD2d 688 [1996]; *cf. Matter of Thibodeau v Northeastern Clinton Cent. School Bd. of Educ.*, 39 AD3d 940, 941 [2007]). Thus, substantial evidence does not support the determination that the petitioner was guilty of charge one, specification five (*see Matter of Thomas v County of Rockland, Dept. of Hosps.*, 55 AD3d 745, 745-746 [2008]).

Regarding charge one, specification six, the petitioner contends that he was not in violation of the Probation Department Holdover Facility Policies and Procedures because, among other reasons, he did not carry the knife in "the detention area." Since this is a challenge to the respondents' application of a rule to undisputed facts, no substantial evidence question arises; rather, the question is whether the respondents' interpretation and application of their rule was arbitrary and capricious (*see Matter of Rosenkrantz v McMickens*, 131 AD2d 389, 390 [1987]). The respondents' interpretation and application of their rule was not arbitrary and capricious, as the petitioner entered the facility with a knife, walked past the juveniles' cells, and then entered the kitchen. Moreover, the petitioner's supervisor, who knew that the petitioner had a tendency to carry a knife, testified that, prior to the petitioner's shift, she advised him not to bring a knife into the facility. Accordingly, charge one, specification six, was properly sustained.

Contrary to the petitioner's contention, the penalty of a 10-day suspension from employment without pay was not so disproportionate to his misconduct as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law (*see Matter of Ellis v Mahon*, 11 NY3d 754, 755 [2008]; *Matter of Kelly v Safir*, 96 NY2d 32, 37-38, 40 [2001]; *Matter of Weymer v New York State Div. of State Police*, 74 AD3d 1354 [2010]; *Matter of Roth v Manhasset Union Free School Dist.*, 60 AD3d 771, 773 [2009]; *Matter of Cassone v Westchester County Health Care Corp.*, 5 AD3d 764, 765 [2004]).

The petitioner's remaining contentions are without merit. Dickerson, J.P., Chambers, Austin and Miller, JJ., concur.