■ In the Matter of HELEN DiLORENZO, Petitioner, v NEW YORK CITY DEPARTMENT OF BUILDINGS, Respondent. [953 NYS2d 871]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Buildings dated May 3, 2011, which, after a hearing, denied the petitioner's application for a Master Fire Suppression Piping Contractor's license.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Judicial review of an administrative determination made after a hearing at which evidence was taken, pursuant to direction by law, is limited to whether the determination is supported by substantial evidence based upon the entire record (*see* CPLR 7803 [4]). Moreover, " '[t]he courts may not weigh the ev-

idence or reject the choice made by [an administrative agency] where the evidence is conflicting and room for choice exists' " (*Matter of Berenhaus v Ward*, 70 NY2d 436, 444 [1987], quoting *Matter of Stork Rest. v Boland*, 282 NY 256, 267 [1940]; *see Matter of Elite Ready Mix Corp. v New York State Dept. of Motor Vehs.*, 92 AD3d 678 [2012]).

Here, contrary to the petitioner's contention, the determination of the New York City Department of Buildings to deny the petitioner's application for a Master Fire Suppression Piping Contractor's license was supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *Matter of Shuler v New York City Hous. Auth.*, 88 AD3d 895, 896-897 [2011]; *Matter of Reingold v Koch*, 111 AD2d 688, 690-691 [1985], *affd* 66 NY2d 994 [1985]). Rivera, J.P., Chambers, Hall and Roman, JJ., concur.