■ In the Matter of MARINA MATIEVSKAYA, Petitioner, v STATE OF NEW YORK DEPARTMENT OF MOTOR VEHICLES, Respondent.
[993 NYS2d 569]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Appeals Board, dated March 25, 2013, confirming a determination of an administrative law judge dated May 7, 2012, which, after a hearing, found that the petitioner had violated Vehicle and Traffic Law § 1225-c (2) (a), and imposed a penalty.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The determination that the petitioner violated Vehicle and Traffic Law § 1225-c (2) (a) is supported by substantial evidence in the record (*see Matter of Smilow v New York State Dept. of Motor Vehs.*, 95 AD3d 1023, 1024 [2012]; *Matter of Peterson v State of N.Y. Dept. of Motor Vehs.*, 90 AD3d 1055 [2011]; *Matter of Tornheim v Appeals Bd. of N.Y. State Dept. of Motor Vehs.*, 82 AD3d 1253 [2011]). Contrary to the petitioner's contention, the hearing testimony of the police officer who issued the summons to her was not inherently unworthy of belief, and the petitioner's different account of the events merely presented issues of credibility for resolution by the administrative law judge (*see Matter of Wagner v Fiala*, 113 AD3d 694, 695 [2014]; *Matter of Peterson v State of N.Y. Dept. of Motor Vehs.*, 90 AD3d 1055 [2011]; *Matter of Thomas v County of Rockland, Dept. of Hosps.*, 55 AD3d 745, 746 [2008]). Upon our review of the administrative record, we discern no basis for disturbing the challenged determination.

With regard to the items of purported documentary and photographic evidence upon which the petitioner relies, we note that the document was not submitted to the administrative law

judge prior to the issuance of his determination, and the respondent's Appeals Board, therefore, was under no obligation to consider it (*see Matter of Tornheim v Appeals Bd. of N.Y. State Dept. of Motor Vehs.*, 82 AD3d at 1253). Likewise, the photographs were submitted for the first time in this CPLR article 78 proceeding and therefore are not properly before this Court (*see Matter of Shuler v New York City Hous. Auth.*, 88 AD3d 895, 896-897 [2011]).

The petitioner's remaining contention is without merit. Mastro, J.P., Chambers, Austin and Sgroi, JJ., concur.