■ In the Matter of FRANKLIN DOUGLAS, Petitioner, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [4 NYS3d 495]—

Determination of respondent, dated September 23, 2013, which terminated petitioner's tenancy on the ground of nondesirability, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Alexander W. Hunter, Jr., J.], entered Apr. 9, 2014), dismissed, without costs.

The propriety of respondent's determination terminating petitioner's tenancy did not depend upon whether petitioner knew that drugs were being stored in and sold from his apartment (*see Matter of Grant v New York City Hous. Auth.*, 116 AD3d 531, 531-532 [1st Dept 2014]; *Matter of Satterwhite v Hernandez*, 16 AD3d 131, 131 [1st Dept 2005]). Respondent's determination is supported by substantial evidence, including the testimony and record evidence that established petitioner was present in the apartment when police executed the first search warrant and recovered drugs, drug packaging materials, and an operable firearm. Nine months later, after reports of narcotics sales at petitioner's apartment "all hours of the day and all night," police executed a second warrant and recovered drug paraphernalia and packaging materials, and petitioner's son, an authorized occupant of the apartment, pleaded guilty to criminal possession of a controlled substance in the seventh degree (*see Matter of Prado v New York City Hous. Auth.*, 116 AD3d 593, 593 [1st Dept 2014]; *Matter of Johnson v New York City Hous. Auth.*, 111 AD3d 515, 516 [1st Dept 2013]).

The hearing officer's determination was therefore rational, and the penalty imposed, terminating the petitioner's tenancy, is not so disproportionate to the offense as to be shocking to one's sense of fairness (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]), "since the use of the petitioner's apartment as a base for drug activity repre-

sented a danger to the health and safety of other tenants who resided in the same public housing community" (*Matter of Gibson v Blackburne*, 201 AD2d 379, 380 [1st Dept 1994]). The fact that petitioner was a long-term tenant of public housing without any prior problems does not change this result (*see Matter of Walker v Franco*, 275 AD2d 627, 628 [1st Dept 2000], *affd* 96 NY2d 891 [2001]). Concur—Tom, J.P., Andrias, Saxe, Manzanet-Daniels and Kapnick, JJ.