New York City Housing Authority (South Jamaica Houses), Appellant, 
against
Pamela Jackson, Respondent.




New York City Housing Authority (Melissa Renwick, Esq.), for appellant.
Paul, Weiss, Rifkind, Wharton & Garrison, LLP (Jacob H. Hupart, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Gilbert Badillo, J.), entered June 23, 2015. The order denied landlord's motion, in effect, to vacate so much of a prior order of the same court entered June 24, 2013 as, upon granting landlord's motion for summary judgment, sua sponte permanently stayed the issuance of a warrant in a licensee summary proceeding.




ORDERED that the order entered June 23, 2015 is reversed, without costs, and landlord's motion, in effect, to vacate so much of the June 24, 2013 order as sua sponte permanently stayed the issuance of a warrant is granted.
Occupants Jonathan Headley and his wife, Pamela Jackson, defended this licensee summary proceeding (RPAPL 713 [7]) to recover possession of an apartment in a public housing project owned and operated by the New York City Housing Authority on the ground that Jonathan Headley, now deceased, was entitled to succeed to the tenancy of his mother as a remaining family member. Landlord moved for summary judgment on the ground that this issue had been fully adjudicated in landlord's favor in a CPLR article 78 proceeding (Matter of Headley v New York City Hous. Auth., 87 AD3d 641 [2011], lv denied 18 NY3d 810 [2012]). By order entered June 24, 2013, the Civil Court granted landlord's motion for summary judgment but sua sponte permanently stayed the issuance of the warrant. Landlord thereafter moved, in effect, to vacate so much of the June 24, 2013 order as sua sponte (see Sholes v Meagher, 100 NY2d 333 [2003]) permanently stayed the issuance of the warrant, and the court denied landlord's motion by order entered June 23, 2015.
The Appellate Division's order confirming the Housing Authority's administrative determination that the occupants did not qualify for remaining-family-member status cannot be collaterally attacked, and the Civil Court lacked the authority to permanently stay the issuance of a warrant so as to, in effect, award the occupants the succession rights for which they did not qualify (see e.g. New York City Hous. Auth. v Evans, 9 Misc 3d 126[A], 2005 NY Slip Op 51428[U] [App Term, 1st Dept 2005]; cf. RPAPL 753 [4] [allowing the Civil Court to permanently stay the issuance of a warrant where a holdover proceeding is based on a claim that the tenant breached the lease]). Thus, landlord's motion, in effect, to vacate so much of the June 24, 2013 order as sua sponte permanently stayed the issuance of the warrant should have been granted.
Accordingly, the order entered June 23, 2015 is reversed and landlord's motion, in effect, to vacate so much of the June 24, 2013 order as sua sponte permanently stayed the issuance of the warrant is granted.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: April 28, 2017