Determination of respondents Vicki Been, as Commissioner of the New York City Department of Housing Preservation and Development, and the New York City Department of Housing Preservation and Development, dated March 20, 2015, terminating petitioner’s Section 8 subsidy, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Joan B. Lobis, J.], entered February 5, 2016), unanimously dismissed, without costs.
 

 Substantial evidence supports respondents’ determination that a member of petitioner’s household engaged in drug-related criminal activity from her apartment in respondents’ facility, and that petitioner was aware of the drug activity (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-182 [1978]). Police records indicated that a confidential informant bought illegal drugs from a member of petitioner’s household in the apartment on four occasions during the late afternoon and evening, and police recovered drugs and drug paraphernalia, including a scale, bags, rubber bands and a coffee grinder, all with heroin residue, in the apartment.
 

 The Hearing Officer’s conclusion that petitioner was at home when the drug sales occurred was a rational, plausible conclusion to be drawn from petitioner’s testimony that she was unemployed and on public assistance (see Testwell, Inc. v New York City Dept. of Bldgs., 80 AD3d 266, 276 n 3 [1st Dept 2010]; see Matter of Jennings v New York State Off. of Mental Health, 90 NY2d 227, 239 [1997] [existence of alternative rational conclusions does not warrant annulment of the agency’s conclusion]). The Hearing Officer’s determination that petitioner’s claim of ignorance was not credible is entitled to deference (Matter of Satterwhite v Hernandez, 16 AD3d 131, 132 [1st Dept 2005]; see Matter of Walker v Franco, 275 AD2d 627 [1st Dept 2000], affd 96 NY2d 891 [2001]).
 

 The termination of petitioner’s Section 8 subsidy is not so disproportionate to the offense as to be shocking to one’s sense of fairness (see Douglas v New York City Hous. Auth., 126 AD3d 647 [1st Dept 2015]).
 

 Concur — Tom, J.P., Richter, Andrias, Gesmer and Singh, JJ.