In the Matter of LILLIBEA TORRES, Respondent, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants. [835 NYS2d 184]—

Order, Supreme Court, New York County (Debra A. James, J.), entered October 19, 2005, granting the petition of Lillibea Torres and annulling the determination of the New York City Housing Authority (NYCHA) of February 18, 2004, which denied the petitioner's claim to be deemed a remaining family member and succeed to the tenancy of her deceased sister, unanimously reversed, on the law, without costs, the petition denied and the determination of NYCHA reinstated and confirmed.

Lillibea Torres (petitioner) is the sister of Hannah Lane, who lived in the Lincoln Houses on Madison Avenue, an NYCHA-owned housing development operated for the purpose of providing low-income families with affordable housing. In 2002, Lane was diagnosed with metastatic lung cancer, a disease that required her to have 24-hour assistance. Along with her husband and 11-year-old daughter, petitioner moved into Lane's apartment to assist her when the Visiting Nurse Service was not available.

On December 16, 2002, Lane asked the management office for permission for petitioners to join the household. On or about February 25, 2003, Lane submitted a written request to NYCHA, seeking such approval. On March 6, 2003, NYCHA denied the request, citing insufficient proof that petitioner was actually Lane's sister.

On May 5, 2003, petitioner visited the management office and submitted documentation of Lane's physical condition. On that same day, petitioner received from the management a second permission form to fill out. She filed that second form on or about May 8, 2003. On May 29, 2003 the petitioner submitted proof that she was indeed Lane's sister. As a result, petitioner's request to join Lane's household was approved on June 18, 2003. Lane died the next day.

By letter dated July 1, 2003, petitioner requested that she and her daughter be permitted to live in Lane's apartment as remaining family members. On July 15, 2003, the development manager decided that she was not eligible to keep the apartment because she had not occupied it for at least one year after written permission was granted. The district director reviewed the manager's determination and agreed with the decision. Petitioner then requested a Remaining Family Member Grievance Hearing.

The hearing took place on January 21, 2004. The next day the hearing officer issued a decision in accordance with his ruling that the petitioner's claim must fail because it ran afoul of the "one-year rule" (see *Williamsburg Fair Hous. Comm. v New York City Hous. Auth.*, 2005 WL 736146, 2005 US Dist LEXIS 5200 [SD NY 2005]). According to the rule, only where a remaining family member has lived in an original tenant's apartment for one year after having been granted written permission to do so may that remaining family member succeed to the apartment.

By notice of petition dated June 17, 2004, petitioner brought a CPLR article 78 proceeding seeking to overturn NYCHA's determination. In the petition, she argued that NYCHA had failed either to provide proper notice of the adoption of the one-year rule or to modify the lease agreement in writing as required by its terms.

On October 19, 2005, the IAS court annulled NYCHA's determination and found that the petitioner was entitled to succeed decedent's tenancy. The court concluded that NYCHA breached Lane's lease by failing to post the "one-year rule" in each development's office. Thus, the court found, NYCHA's decision to deny a lease to the petitioner was "arbitrary and capricious."

NYCHA appeals the decision on the ground that the court erred in addressing petitioner's lease violation because petitioner had failed to preserve the issue for judicial review at the grievance hearing of January 21, 2004. Indeed, the record indicates that petitioner asserted the following theories for the first time on appeal: (1) federal regulations supply an independent posting requirement and (2) a remaining-family-member claimant, like a tenant, is entitled to notice under the lease. We agree with NYCHA, and therefore decline to consider these arguments, which were neither raised by petitioner at the administrative level nor addressed by the hearing officer.

This Court has repeatedly rejected parties' attempts to raise issues on appeal where they neglected to raise those issues at an administrative hearing (see *District Council 37, Am. Fedn. of State, County & Mun. Empls., AFL-CIO v City of New York*, 22 AD3d 279, 284 [2005]; *Matter of Wallace v Environmental Control Bd. of City of N.Y. [Dept. of Consumer Affairs]*, 8 AD3d 78 [2004]). "[F]or a court to consider evidentiary submissions as to circumstances after the [Housing] Authority made its determination would violate [a] fundamental tenet of CPLR article 78 review—namely, that judicial review of administrative determinations is confined to the facts and record adduced before the agency" (*Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000] [internal quotation marks and citations omitted]). In view of the foregoing, we find the court erred in basing its "arbitrary and capricious" determination on the arguments raised for the first time in the article 78 proceeding.

We further note that, since the petitioner was not in compliance with the one-year rule, there is no basis whatsoever for holding the agency decision to be "arbitrary and capricious" (*cf. see Matter of Classic Realty v New York State Div. of Hous. & Community Renewal*, 2 NY3d 142, 146 [2004]), and thus, the agency determination should be reinstated. Concur—Tom, J.P., Mazzarelli, Saxe, Marlow and Catterson, JJ.