■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES KENO, Appellant. [859 NYS2d 890]—Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered on or about September 20, 2007, unanimously affirmed. No opinion. Order filed. Concur—Saxe, J.P., Nardelli, Moskowitz, Acosta and DeGrasse, JJ.

■ In the Matter of DORIS LAVIANCA ABREU, Appellant, v NEW YORK CITY HOUSING AUTHORITY EAST RIVER HOUSES, Respondent. [860 NYS2d 115]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered September 7, 2006, which denied the petition brought pursuant to CPLR article 78 seeking to annul respondents' determination, dated June 1, 2005, dismissing petitioner's grievance seeking to succeed to the tenancy of the deceased tenant as a remaining family member, unanimously affirmed, without costs.

Petitioner does not qualify as a remaining family member because she did not enter the apartment lawfully, respondent never gave the tenant of record written permission for petitioner to join her household, and petitioner admitted that no such permission was ever obtained. This was further corroborated by the tenant's annual income affidavits for the years petitioner allegedly lived in the apartment, in which the tenant listed no occupants other than herself, and by the testimony of the Housing Assistant that prior to the tenant's death, she had never requested that anyone join her household (*see Jamison v New York City Hous. Auth.-Lincoln Houses*, 25 AD3d 501 [2006]). The record affords no legal basis for relieving petitioner of the written notice requirement, since she failed to establish that respondent knew or implicitly approved of her permanent residency in the apartment (*see Matter of McFarlane v New York City Hous. Auth.*, 9 AD3d 289 [2004]). We further note that petitioner was not in compliance with the one-year-occupancy rule (*see Matter of Torres v New York City Hous. Auth.*, 40 AD3d 328, 329 [2007]). Concur—Saxe, J.P., Nardelli, Moskowitz, Acosta and DeGrasse, JJ.