■ In the Matter of EDWIN TORRES, Petitioner, v TINO HERNANDEZ, as Chairperson of the New York City Housing Authority, Respondent. [866 NYS2d 163]—

Determination of respondent New York City Housing Authority, dated October 25, 2006, after hearing, denying petitioner's grievance to succeed to his mother's public housing tenancy as a remaining family member, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Carol Edmead, J.], entered March 30, 2007), dismissed, without costs.

No basis exists to disturb the Hearing Officer's finding crediting the testimony of respondent's employees that respondent did not receive any requests from petitioner to be added to his mother's household prior to the one received two days before his mother's death (*see Matter of Berenhaus v Ward*, 70 NY2d

436, 443-444 [1987]). Lacking respondent's written consent to his permanently joining his mother's household, and thus unable to show that he thereafter remained in occupancy of the subject apartment for a continuous period of at least one year prior to his mother's death, petitioner's grievance was properly denied (NY City Hous Auth Mgt Manual, ch IV, § J [1]; ch VII, § E [1] [a], as amended by General Management Directive GM-3692 Amended, ch IV, §§ A, B [July 11, 2003]; *see Matter of Lancaster v Martinez*, 298 AD2d 585, 585 [2002]). We have considered petitioner's other arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Nardelli, Buckley and Freedman, JJ.