■ In the Matter of GINA MCNEAL, Petitioner, v TINO HERNANDEZ, as Chair of the New York City Housing Authority, Respondent. [871 NYS2d 84]—

Determination of respondent New York City Housing Authority, dated November 1, 2006, that petitioner does not qualify as a remaining family member (RFM) entitled to succeed to the public housing tenancy of her former mother-in-law, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Shirley Werner Kornreich, J.], entered October 9, 2007), dismissed, without costs.

The determination is supported by substantial evidence that petitioner's occupancy of the subject apartment was unlawful, including, in particular, project management's denial of the mother-in-law's February 2005 request to add petitioner and her sons to the household, the only written request ever made by the mother-in-law, and the fact that in every affidavit of income submitted by the mother-in-law from 1995 through

2005, the years of petitioner's occupancy, the mother-in-law listed herself as the apartment's only occupant and listed only her income (*see Matter of Abreu v New York City Hous. Auth. E. Riv. Houses*, 52 AD3d 432 [2008]). It does not avail petitioner that the February 2005 occupancy request was incorrectly denied on the ground of overcrowding because, the mother-in-law having vacated the apartment by July 2005, less than a year later, petitioner would not have qualified for RFM status even if the request had been granted (*see id.*). All of petitioner's allegations in support of her argument that respondent "implicitly approved" her occupancy (*see Matter of McFarlane v New York City Hous. Auth.*, 9 AD3d 289, 291 [2004]; *but cf. Matter of Schorr v New York City Dept. of Hous. Preserv. & Dev.*, 10 NY3d 776, 779 [2008]) were improperly made for the first time in the article 78 proceeding, and should not be considered (*see Matter of Torres v New York City Hous. Auth.*, 40 AD3d 328, 330 [2007]).

We have considered petitioner's other arguments, including that there should be a remand for the development of a record on the issue of implicit approval, and find them unavailing. Concur—Friedman, J.P., McGuire, Acosta, DeGrasse and Freedman, JJ.