In the Matter of HECTOR ROMAN, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [881 NYS2d 451]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Housing Authority dated February 28, 2007, which, after a hearing, denied the petitioner's grievance and found that he is not eligible to succeed to his mother's apartment as a remaining family member, the New York City Housing Authority appeals, by permission, from an order of the Supreme Court, Kings County (Held, J.), dated

June 26, 2007, which granted the petition to the extent of remitting the matter to the New York City Housing Authority for reconsideration.

Ordered that the appeal is dismissed and the order is vacated; and it is further,

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the New York City Housing Authority.

Since the petition raises a substantial evidence question (*see Matter of Lancaster v Martinez,* 298 AD2d 585 [2002]), the Supreme Court should have transferred the proceeding to this Court (*see* CPLR 7804 [g]). Nevertheless, since the record is now before us, we will treat the proceeding as if it had been properly transferred, and review the proceeding de novo (*see Matter of Roth v Manhasset Union Free School Dist.,* 60 AD3d 771 [2009]; *Matter of Bradford v New York City Hous. Auth.,* 34 AD3d 463, 464 [2006]; *Matter of Brown v New York City Hous. Auth.,* 27 AD3d 733 [2006]).

There is substantial evidence in the record to support the determination of the New York City Housing Authority (hereinafter NYCHA) that the petitioner did not obtain the requisite written consent of housing management to be added as a permanent resident to his mother's household and did not thereafter continuously reside in the subject apartment for a period of at least one year prior to his mother's death (*see Matter of Torres v Hernandez,* 55 AD3d 452 [2008]; *Matter of Abreu v New York City Hous. Auth. E. Riv. Houses,* 52 AD3d 432 [2008]; *Matter of McLeon v NYCHA Hope Gardens,* 48 AD3d 686 [2008]; *Matter of Torres v New York City Hous. Auth.,* 40 AD3d 328 [2007]; *Matter of New York City Hous. Auth. Hammel Houses v Newman,* 39 AD3d 759 [2007]). Accordingly, the petitioner could not succeed to the lease referable to his mother's apartment as a remaining family member, and NYCHA correctly denied his grievance.

The petitioner's remaining contentions are without merit. Miller, J.P., Angiolillo, Eng and Austin, JJ., concur.