Order, Supreme Court, New York County (Walter B. Tolub, J.), entered August 19, 2008, which denied the petition to annul respondent’s determination, dated April 9, 2008, denying petitioner’s application to succeed to the tenancy of her deceased mother as a remaining family member, confirmed the determination, and dismissed the proceeding, unanimously affirmed, without costs.
The determination that petitioner was not a remaining family member and therefore not entitled to succession rights to the subject apartment was not arbitrary and capricious (CFLR 7803 *580 [3]). Petitioner had not resided in the apartment with her mother, with respondent’s written permission, continuously for one year before her mother’s death (see Matter of Pelaez v New York City Hous. Auth., 56 AD3d 325 [2008]; Matter of Torres v New York City Hous. Auth., 40 AD3d 328 [2007]). Indeed, her application for permission to rejoin the household was not submitted until approximately six months before her mother’s death.
The notice requirement is not a rule or regulation but a provision of the Housing Authority’s remaining-family-member policy, and, in any event, petitioner is not a tenant of record. Nor has petitioner demonstrated any necessity for a further hearing. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Renwick and Richter, JJ.