■ In the Matter of SHARON PARKER, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [905 NYS2d 139]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered May 28, 2009, which denied the petition brought pursuant to CPLR article 78 to, among other things, annul the determination of respondent New York City Housing Authority,

dated April 30, 2008, terminating petitioner's tenancy, unanimously affirmed, without costs.

There was substantial evidence to sustain the first, fourth, fifth and sixth charges. With respect to the first charge, there was substantial evidence that petitioner violated the stipulation of settlement by misrepresenting information on her affidavit of income during the probationary period. Petitioner failed to preserve her argument that the first charge was untimely because it was issued after the probationary period, and we decline to consider it (*see Matter of Torres v New York City Hous. Auth.*, 40 AD3d 328, 330 [2007]). As an alternative holding, we also reject it on the merits.

Petitioner also failed to preserve her argument that the fourth and fifth charges only require her to supply requested information to respondent, and that she supplied such information when requested, and we decline to consider it (*id.*). As an alternative holding, we also reject it on the merits. The charges do not allege a failure to cooperate, but rather allege a failure to provide complete income verification. The hearing officer properly sustained these charges based on the evidence that petitioner's affidavits of income were incomplete inasmuch as she failed to disclose the income she and her daughter received. With respect to the sixth charge, because petitioner submitted a document during the hearing indicating that she owed over $9,000 in rent due to her alleged fraud, there was substantial evidence that she violated the lease by failing to pay these arrears.

With respect to the third charge, although there was no evidence supporting the finding that petitioner misrepresented her household income on her affidavit dated January 6, 2003, there was substantial evidence that she misrepresented her household income on affidavits dated October 13, 2003 and January 3, 2005. Accordingly, the hearing officer properly sustained the third charge.

Contrary to petitioner's contention, the hearing officer's determination was not based on uncharged misconduct. Indeed, the fourth and fifth charges adequately alleged that petitioner, among other things, failed to provide accurate information with respect to the identity, number or composition of the persons in her household. Accordingly, petitioner was not deprived of due process (*compare Matter of Murray v Murphy*, 24 NY2d 150, 157-158 [1969]).

The hearing officer adequately developed the record with respect to whether petitioner misrepresented her family income and failed to pay rent arrears as a result of the alleged fraud (*see Matter of Jackson v Hernandez*, 63 AD3d 64, 68-70 [2009]).

We also find that the penalty of terminating the tenancy does not shock one's sense of fairness where, as here, there is evidence that petitioner misrepresented her household income (*see Matter of Smith v New York City Hous. Auth.*, 40 AD3d 235 [2007], *lv denied* 9 NY3d 816 [2007]). Petitioner failed to provide any evidence at the hearing regarding mitigating factors. Concur—Mazzarelli, J.P., Sweeny, Catterson, Renwick and Manzanet-Daniels, JJ.