In the Matter of TROY BLAKE, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [911 NYS2d 659]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Housing Authority dated December 19, 2008, which, after a hearing, denied the petitioner's grievance challenging the denial of his request to succeed to the tenancy of his late mother's apartment as a remaining family member, the New York City Housing Authority appeals, by permission, from an order of the Supreme Court, Kings County (F. Rivera, J.), dated October 2, 2009, which directed a further hearing on a factual issue.

Ordered that the appeal is dismissed, without costs or disbursements, and the order is vacated; and it is further,

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

Since the petition raises the question of whether the challenged determination is supported by substantial evidence, the Supreme Court should have transferred the proceeding to this Court (*see* CPLR 7804 [g]). Nevertheless, because the record is now before this Court, we will treat the matter as one initially transferred here and will review the administrative determination de novo (*see Matter of Oglesby v New York City Hous. Auth.*, 66 AD3d 905 [2009]; *Matter of Roman v New York City Hous. Auth.*, 63 AD3d 845, 846 [2009]).

There is substantial evidence in the record to support the determination of the New York City Housing Authority (hereinafter the NYCHA) that the petitioner did not continuously reside in his mother's apartment for a period of at least one year after having obtained written approval to become a permanent

member of his mother's household and prior to his mother's death (*see Matter of Roman v New York City Hous. Auth.*, 63 AD3d at 846; *Matter of Hargrove v Van Dyke Hous.*, 63 AD3d 741 [2009]; *Matter of Torres v Hernandez*, 55 AD3d 452 [2008]; cf. *Matter of McLeon v NYCHA Hope Gardens*, 48 AD3d 686 [2008]; *Matter of New York City Hous. Auth. Hammel Houses v Newman*, 39 AD3d 759 [2007]). Accordingly, the petitioner could not succeed to the tenancy of his late mother's apartment as a remaining family member, and the NYCHA correctly denied his grievance (*see Matter of Roman v New York City Hous. Auth.*, 63 AD3d at 846; *Matter of Hargrove v Van Dyke Hous.*, 63 AD3d 741 [2009]; *Matter of Torres v Hernandez*, 55 AD3d 452 [2008]). Skelos, J.P., Dickerson, Eng and Lott, JJ., concur.