■ In the Matter of Deborah Muhammad, Appellant, v New York City Housing Authority, Respondent. [917 NYS2d 173]—

Order, Supreme Court, New York County (Cynthia Kern, J.), entered June 11, 2010, which denied the petition seeking to annul respondent's determination, dated July 13, 2009, finding petitioner ineligible for public housing for five years, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The determination that petitioner is ineligible for public housing for five years was not arbitrary and capricious and did not lack a rational basis (*see generally Slesinger v Department of Hous. Preserv. & Dev. of City of N.Y.,* 39 AD3d 246 [2007]). In

making its determination, respondent relied on admissions made by petitioner as well as its admissions policy, which provides, in relevant part, that tenants subject to eviction from a Housing Authority apartment pursuant to a licensee action are ineligible for admission for five years from the date of the person's move-out or eviction (*see Matter of Tockwotten Assoc. v New York State Div. of Hous. & Community Renewal*, 7 AD3d 453, 454 [2004] ["an agency's determination, acting pursuant to legal authority and within its area of expertise, is entitled to deference"]). Here, petitioner was subject to eviction from the public housing residence pursuant to a licensee action because her sister vacated the subject apartment in 2001, and petitioner and her children were never added to the lease for the apartment.

Contrary to petitioner's argument that her eligibility application should be granted because a judge of the Civil Court instructed her to file an application for public housing under her own name, respondent cannot be compelled to approve petitioner's application, since she had no clear right to the relief requested (*see e.g. Klostermann v Cuomo*, 61 NY2d 525, 539 [1984]). Similarly, to the extent that petitioner claims that employees of respondent misinformed her about respondent's policies and she relied upon such statements, an agency "cannot be estopped from invoking [its] regulations" (*Taylor v New York State Div. of Hous. & Community Renewal*, 73 AD3d 634 [2010]).

Petitioner's reliance on the fact that she occasionally paid rent while she resided in her sister's apartment without respondent's authorization, is misplaced. These payments did not make her an authorized tenant of public housing (*see Matter of Barnhill v New York City Hous. Auth.*, 280 AD2d 339 [2001]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Richter and Manzanet-Daniels, JJ. **[Prior Case History: 27 Misc 3d 1235(A), 2010 NY Slip Op 51044(U).]**