In the Matter of JAMILA CORTES, Respondent, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants. [931 NYS2d 655]—

Since the petition raises a question of whether the challenged determination is supported by substantial evidence, the Supreme Court should have transferred the proceeding to this Court (*see* CPLR 7804 [g]). Nevertheless, because the record is

now before this Court, we will treat the matter as one initially transferred here and will review the administrative determination de novo *(see Matter of Blake v New York City Hous. Auth.,* 78 AD3d 1175 [2010]; *Matter of Roman v New York City Hous. Auth.,* 63 AD3d 845, 846 [2009]).

There is substantial evidence in the record to support the determination of the New York City Housing Authority (hereinafter the NYCHA) that the petitioner did not obtain the requisite written approval of the housing manager of the public housing development in which she lived to become a permanent member of her grandmother's household and did not thereafter continuously occupy her grandmother's apartment for a period of at least one year prior to her grandmother's death *(see Matter of Roman v New York City Hous. Auth.,* 63 AD3d at 846; *Matter of Hargrove v Van Dyke Hous.,* 63 AD3d 741, 742 [2009]; *Matter of Torres v Hernandez,* 55 AD3d 452, 452-453 [2008]). Accordingly, the petitioner could not succeed to the tenancy of her late grandmother's apartment as a remaining family member, and the NYCHA correctly denied her grievance *(see Matter of Roman v New York City Hous. Auth.,* 63 AD3d at 846).

In light of our determination, we need not address the appellants' remaining contentions. Rivera, J.P., Florio, Dickerson and Lott, JJ., concur.