■ In the Matter of INGRID JNO-CHARLES, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [946 NYS2d 171]—

Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered January 13, 2011, denying the petition to annul the determination of respondent New York City Housing Authority, dated May 6, 2010, which found petitioner ineligible for public housing until April 30, 2013 because she did not meet the standards for admission, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Respondent's determination, and its interpretation of its own standards of admission, are rational and reasonable and should be sustained (*see Matter of Marzec v DeBuono*, 95 NY2d 262, 266 [2000]; *see also Matter of Muhammad v New York City Hous. Auth.*, 81 AD3d 526 [2011]). Indeed, respondent's written standards for admission provide that an applicant who is responsible for a fire in a prior residence shall be ineligible for public housing for four years from the date of the fire. Respondent's deter-

mination, that petitioner was ineligible for public housing because she was responsible for a fire in a prior residence, had a rational basis in the record, including a Fire Marshal's report stating that the fire in petitioner's prior apartment on April 30, 2009 was caused by an unattended candle left in combustible material on her kitchen table. There was no evidence before the agency that anyone other than petitioner or a member of her household was responsible for the fire. Petitioner's argument that her landlord was responsible for the fire was improperly raised for the first time in the article 78 proceeding (*see Matter of Yonkers Gardens Co. v State of N.Y. Div. of Hous. & Community Renewal*, 51 NY2d 966, 967 [1980]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Moskowitz, Renwick and Abdus-Salaam, JJ.