■ In the Matter of RASHIEM WHITEHEAD, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [958 NYS2d 749]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Housing Authority, dated November 18, 2009, which adopted a recommendation of a hearing officer dated November 6, 2009, made after a hearing, denying the petitioner's grievance challenging the denial of his request to succeed to the tenancy of his late mother's apartment as a remaining family member, the New York City Housing Authority appeals from (1) a decision of the Supreme Court, Kings County (Jacobson, J.), dated July 8, 2011, and (2) a judgment of the same court entered October 27, 2011, which granted the petition and annulled the determination.

Ordered that the appeals are dismissed, without costs or disbursements, and the decision and the judgment are vacated; and it is further,

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

Since the petition raises a question of whether the challenged

determination is supported by substantial evidence, the Supreme Court should have transferred the proceeding to this Court (*see* CPLR 7804 [g]). Nevertheless, because the record is now before this Court, we will treat the matter as one initially transferred here and will review the administrative determination de novo (*see Matter of Cortes v New York City Hous. Auth.*, 88 AD3d 996 [2011]; *Matter of Blake v New York City Hous. Auth.*, 78 AD3d 1175 [2010]; *Matter of Roman v New York City Hous. Auth.*, 63 AD3d 845, 846 [2009]).

There is substantial evidence in the record to support the determination of the New York City Housing Authority (hereinafter the NYCHA) that the petitioner never obtained written permission for permanent occupancy from the housing manager of the public housing development in which he lived with his mother in order to become a permanent member of his mother's household (*see Matter of Cortes v New York City Hous. Auth.*, 88 AD3d at 997; *Matter of Roman v New York City Hous. Auth.*, 63 AD3d at 846; *Matter of Hargrove v Van Dyke Hous.*, 63 AD3d 741, 742 [2009]; *Matter of Torres v Hernandez*, 55 AD3d 452, 452-453 [2008]). Accordingly, after his mother's death, the petitioner could not succeed to the tenancy of her apartment as a remaining family member, and the NYCHA correctly denied his grievance. Angiolillo, J.P., Leventhal, Lott and Austin, JJ., concur.