Judgment, Supreme Court, New York County (Paul G. Feinman, J.), entered May 23, 2012, insofar as appealed from as *523 limited by the briefs, granting the petition to annul the determination of respondent New York City Housing Authority (NYCHA), dated November 22, 2011, which found petitioner to be ineligible for an enhanced Section 8 voucher, to the extent of remanding the matter to NYCHA for reconsideration of petitioner’s application and for imposition of a lesser penalty, unanimously reversed, on the law, without costs, the judgment vacated, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed.
The record shows that prior to filing her application for enhanced Section 8 benefits with NYCHA, petitioner had misrepresented her household income to a different government housing program administered by the United States Department of Housing and Urban Development by failing to disclose more than $100,000 in income between 2005 and 2009 (see 24 CFR 982.552 [c] [1] [iv]). Under NYCHA’s rules, persons who have misrepresented information affecting eligibility, income, etc., are ineligible for benefits for three years from the date they are declared ineligible. Thus, there was a rational basis for NYCHA’s determination that petitioner was ineligible for an enhanced Section 8 voucher (see generally Matter of Muhammad v New York City Hous. Auth., 81 AD3d 526 [1st Dept 2011]).
Furthermore, in reviewing the denial of Section 8 benefits as a penalty, as urged by petitioner, the denial of housing assistance does not shock our sense of fairness under the circumstances, especially in light of the “vital public interest underlying] the need to enforce income rules pertaining to public housing” (see Matter of Perez v Rhea, 20 NY3d 399, 405 [2013]).
Concur—Gonzalez, EJ., Saxe, Richter and Abdus-Salaam, JJ.