In the Matter of KIMBERLY MICHELLE MARCUS, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [966 NYS2d 185]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Housing Authority dated March 2, 2011, which adopted the recommendation of a hearing officer dated February 17, 2011, made after a hearing, denying the petitioner's grievance seeking to establish her status as a remaining family member entitled to succeed to the tenancy of her late mother's apartment, the New York City Housing Authority appeals from a judgment of the Supreme Court, Kings County (Baynes, J.) dated December 14, 2011, which granted the petition and annulled the determination.

Ordered that the appeal is dismissed, and the judgment is vacated; and it is further,

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the appellant.

Since the petition raises the question of whether the challenged determination is supported by substantial evidence, the Supreme Court should have transferred the proceeding to this Court (*see* CPLR 7804 [g]). Nevertheless, because the record is now before this Court, we will treat the matter as one initially transferred here and will review the administrative determination de novo (*see Matter of Whitehead v New York City Hous. Auth.*, 102 AD3d 974 [2013]; *Matter of Mehu v New York City Hous. Auth.*, 97 AD3d 750 [2012]; *Matter of Blake v New York City Hous. Auth.*, 78 AD3d 1175 [2010]).

There is substantial evidence in the record to support the determination of the New York City Housing Authority (hereinafter the NYCHA) that the petitioner never obtained written permission for permanent occupancy from the housing manager of the public housing development in which she lived with her mother, and did not continuously occupy her mother's apartment for a period of at least one year prior to her mother's death, in order to become a "remaining family member" with the right of succession to the apartment pursuant to the NYCHA's published policy (*Matter of Cortes v New York City Hous. Auth.*, 88 AD3d 996, 997 [2011]; *see Matter of Roman v New York City Hous. Auth.*, 63 AD3d 845 [2009]; *Matter of Hargrove v Van Dyke Hous.*, 63 AD3d 741, 742 [2009]). Accordingly, the petitioner could not succeed to the tenancy of her late mother's apartment as a remaining family member, and the NYCHA correctly denied her grievance.

In light of our determination, the NYCHA's remaining contentions need not be addressed. Angiolillo, J.P., Hall, Roman and Hinds-Radix, JJ., concur.