Determination of respondent New York City Housing Authority, dated October 5, 2011, which, after a hearing, terminated petitioner’s public housing tenancy on the ground of nondesirability and breach of respondent’s rules and regulations, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Manuel J. Mendez, J.], entered Apr. 23, 2012), dismissed, without costs.
By so-ordered stipulation entered into in Civil Court on or about November 8, 2012, petitioner consented to entry of a judgment of possession, which consent became final on May 8, 2013. Petitioner is collaterally estopped from attacking the stipulation and the appropriate vehicle to seek relief from it is by application to the Civil Court (see Matter of Matinzi v Joy, 60 NY2d 835, 836 [1983]; Matter of Garcia v New York State Div. of Hous. & Community Renewal, 225 AD2d 451 [1st Dept 1996]).
In any event, respondent’s determination is supported by substantial evidence, including the arresting officer’s testimony and affidavit that, upon execution of a search warrant, which was obtained after a number of controlled marijuana purchases had been made from the subject apartment, she recovered a large ziplock bag containing marijuana on the floor, in the back right side bedroom, and a ziplock bag containing 66 smaller bags of marijuana and 80 ziplock bags, in the closet of that bedroom; and a small ziplock bag containing marijuana, a cigarette containing marijuana, and a grinder containing marijuana residue, in the living room, on top of the TV stand (see Matter of Santana v New York City Hous. Auth., 106 AD3d 449 [1st Dept 2013]; Matter of Zimmerman v New York City Hous. Auth., 84 AD3d 526 [1st Dept 2011]). The officer’s inability to recall certain details almost a year after the arrest, which details had *448 been memorialized in contemporaneous affidavits prepared for the District Attorney’s Office, does not undermine her credibility. The fact that the criminal charges were subsequently dismissed against petitioner does not affect respondent’s right to penalize the underlying conduct or render the evidence submitted at the hearing insubstantial (see Matter of Bell v New York City Hous. Auth., 49 AD3d 284 [1st Dept 2008]; Matter of Simons v New York City Hous. Auth., 232 AD2d 195 [1st Dept 1996]).
The penalty of termination does not shock our sense of fairness (see Zimmerman, 84 AD3d at 526). While termination of the lease will create a hardship to petitioner and her son, this fact does not render the penalty shocking to the conscience (see Matter of Cubilete v Morales, 92 AD3d 470 [1st Dept 2012]). Any assurances by respondent’s representatives that petitioner’s tenancy would not be terminated and/or that she would be offered probation, are not binding on respondent and do not estop respondent from enforcing its regulations (see Matter of Muhammad v New York City Hous. Auth., 81 AD3d 526, 527 [1st Dept 2011]). Concur — Mazzarelli, J.P., Renwick, DeGrasse, Freedman and Feinman, JJ. [Prior Case History: 32 Misc 3d 1227(A), 2011 NY Slip Op 51439(H).]