In the Matter of JESSICA FIGUEROA, Appellant, v JOHN B. RHEA et al., Respondents. [991 NYS2d 373]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Housing Authority dated April 11, 2012, which adopted the recommendation of a hearing officer dated March 22, 2012, made after a hearing, denying the petitioner's grievance challenging the denial of her request to succeed to the tenancy of her late grandmother's apartment as a remaining family member, the petitioner appeals from a judgment of the Supreme Court, Kings County (Edwards, J.), dated April 1, 2013, which denied the amended petition and dismissed the proceeding.

Ordered that the appeal is dismissed, without costs or disbursements, and the judgment is vacated; and it is further,

Adjudged that the determination is confirmed, the amended petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

Since the amended petition raises a question of whether the challenged determination is supported by substantial evidence, and the objections in point of law raised by the respondents could not have terminated the proceeding, the Supreme Court should have transferred the proceeding to this Court (*see* CPLR 7804 [g]). Nevertheless, because the record is now before this Court, we will treat the matter as one transferred here and will review the administrative determination de novo (*see Matter of Whitehead v New York City Hous. Auth.*, 102 AD3d 974, 974 [2013]; *Matter of Cortes v New York City Hous. Auth.*, 88 AD3d 996, 996-997 [2011]; *Matter of Roman v New York City Hous. Auth.*, 63 AD3d 845, 846 [2009]).

Substantial evidence in the record supports the determination of the New York City Housing Authority (hereinafter the NYCHA) that the petitioner never obtained written permission for permanent occupancy from the housing manager of the public housing development in which she lived with her grand-

mother, and did not continuously reside in her grandmother's apartment for a period of at least one year prior to her grandmother's death so as to become a "remaining family member" with the right of succession to the apartment pursuant to the NYCHA's published policy (*see Matter of Marcus v New York City Hous. Auth.*, 106 AD3d 1088, 1089 [2013]; *Matter of Cortes v New York City Hous. Auth.*, 88 AD3d at 997; *Matter of Blake v New York City Hous. Auth.*, 78 AD3d 1175, 1175-1176 [2010]; *Matter of Roman v New York City Hous. Auth.*, 63 AD3d at 846; *Matter of Hargrove v Van Dyke Hous.*, 63 AD3d 741, 742 [2009]). Had the request to permanently add the petitioner to her grandmother's household been granted, the petitioner would still have been ineligible for remaining family member status, since her grandmother died less than one year after that request was made (*see Matter of Perez v New York City Hous. Auth.*, 99 AD3d 624, 624-625 [2012]; *Matter of Mehu v New York City Hous. Auth.*, 97 AD3d 750, 750 [2012]; *Matter of McNeal v Hernandez*, 58 AD3d 417, 418 [2009]). Accordingly, the petitioner's challenge to the NYCHA's denial of the permanent occupancy request, and the NYCHA's objections thereto, are without merit.

Furthermore, while the petitioner contends that she resided in the apartment with the implicit approval of the housing manager of the subject public housing development, and commenced her residency prior to the permanent occupancy request, the NYCHA may not be estopped from denying remaining family member status even if it failed to explain the applicable policies or assist the tenant of record with the necessary forms, or if it acquiesced in the petitioner's occupancy (*see Matter of Schorr v New York City Dept. of Hous. Preserv. & Dev.*, 10 NY3d 776, 779 [2008]; *Matter of Rahjou v Rhea*, 101 AD3d 422, 422 [2012]; *Matter of Perez v New York City Hous. Auth.*, 99 AD3d 624, 625 [2012]; *Rosello v Rhea*, 89 AD3d 466, 466 [2011]; *Matter of Muhammad v New York City Hous. Auth.*, 81 AD3d 526, 527 [2011]). Accordingly, the petitioner could not succeed to the tenancy of her late grandmother's apartment as a remaining family member, and the NYCHA's determination to deny her grievance was supported by substantial evidence in the record (*see Matter of Marcus v New York City Hous. Auth.*, 106 AD3d 1088 [2013]; *Matter of Perez v New York City Hous. Auth.*, 99 AD3d 624 [2012]; *Matter of Blake v New York City Hous. Auth.*, 78 AD3d 1175 [2010]). Dickerson, J.P., Leventhal, Austin and Hinds-Radix, JJ., concur.