■ In the Matter of PABLO HIDALGO, Respondent, v JOHN RHEA, as Chairman of the New York City Housing Authority, Appellant. [6 NYS3d 115]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Housing Authority dated July 10, 2012, which, after a hearing, denied the petitioner's grievance and found that he is not eligible to succeed to the tenancy of his late mother's apartment as a remaining family member, John Rhea, as chairman of the New York City Housing Authority, appeals, by permission, from an order of the Supreme Court, Kings County (F. Rivera, J.), dated January 29, 2013, which granted the petition to the extent of remitting the matter to the New York City Housing Authority for reconsideration and a new discretionary determination thereafter.

Ordered that the appeal is dismissed, without costs or disbursements, and the order is vacated; and it is further,

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

Since the petition raises the question of whether the challenged determination is supported by substantial evidence, the Supreme Court should have transferred the proceeding to this Court (*see* CPLR 7804 [g]). Nevertheless, because the record is now before this Court, we will treat the matter as one initially transferred here and will review the administrative determina-

tion de novo (see Matter of Figueroa v Rhea, 120 AD3d 814, 814 [2014]; Matter of Whitehead v New York City Hous. Auth., 102 AD3d 974, 974-975 [2013]; Matter of Cortes v New York City Hous. Auth., 88 AD3d 996, 996-997 [2011]; Matter of Roman v New York City Hous. Auth., 63 AD3d 845, 846 [2009]).

Substantial evidence in the record supports the determination of the New York City Housing Authority (hereinafter the NYCHA) that the petitioner never obtained written permission for permanent occupancy from the housing manager of the public housing development in which he lived with his mother, and did not, prior to his mother's death, continuously reside in his mother's apartment for a period of at least one year from the date of an authorized occupancy, so as to become a "remaining family member" with the right of succession to the apartment pursuant to the NYCHA's published policy (see Matter of Figueroa v Rhea, 120 AD3d at 814; Matter of Marcus v New York City Hous. Auth., 106 AD3d 1088, 1089 [2013]; Matter of Cortes v New York City Hous. Auth., 88 AD3d at 997; Matter of Blake v New York City Hous. Auth., 78 AD3d 1175, 1175-1176 [2010]; Matter of Fermin v New York City Hous. Auth., 67 AD3d 433, 433-434 [2009]; Matter of Roman v New York City Hous. Auth., 63 AD3d at 846). Had the request to permanently add the petitioner to his mother's household been granted, the petitioner would still have been ineligible for remaining family member status, since his mother died less than one year after that request was made (see Matter of Figueroa v Rhea, 120 AD3d at 814; Matter of Perez v New York City Hous. Auth., 99 AD3d 624, 624-625 [2012]; Matter of Mehu v New York City Hous. Auth., 97 AD3d 750, 750 [2012]; Matter of McNeal v Hernandez, 58 AD3d 417, 418 [2009]). Accordingly, the petitioner could not succeed to the tenancy of his late mother's apartment as a remaining family member, and the NYCHA's determination to deny his grievance was supported by substantial evidence in the record (see Matter of Marcus v New York City Hous. Auth., 106 AD3d at 1089; Matter of Perez v New York City Hous. Auth., 99 AD3d at 624-625; Matter of Blake v New York City Hous. Auth., 78 AD3d at 1176).

In light of the foregoing, we need not reach the NYCHA's remaining contentions. Rivera, J.P., Austin, Roman and Barros, JJ., concur.