■ In the Matter of STEPHEN RYTELEWSKI, Appellant, v CHRISTOPHER J. RUSSO, as Village Manager of the Village of Port Chester, New York, et al., Respondents. [9 NYS3d 85]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Village Manager of the Village of Port Chester dated May 13, 2010, which denied the petitioner's administrative appeal and affirmed a decision, made after a hearing, finding the petitioner guilty of 16 charges of misconduct and imposing a penalty, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Hubert, J.), dated June 13, 2013, which denied the petition and dismissed the proceeding.

Ordered that the appeal is dismissed, and the judgment is vacated; and it is further,

Adjudged that the determination dated May 13, 2010, is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the respondents.

Since the petition raises a question of whether the challenged determination is supported by substantial evidence, the Supreme Court should have transferred the proceeding to this Court (*see* CPLR 7804 [g]). Nevertheless, because the complete record is now before this Court, we will treat the matter as one transferred here, and will review the administrative determination de novo (*see Matter of Figueroa v Rhea*, 120 AD3d 814, 814 [2014]; *Matter of Whitehead v New York City Hous. Auth.*, 102 AD3d 974, 974 [2013]).

The petitioner is a white male who was employed by the Village of Port Chester as a sanitation worker. In that role, he was responsible for driving a sanitation truck and supervising several other workers, including an African-American named David T., Sr., and his son, David T., Jr., who were assigned to his truck. In October of 2008, pending investigation of allegations of racial discrimination against the petitioner, submitted in a written complaint by David T., Sr., to the Village Mayor, the petitioner was removed from his position as driver of Truck # 23, and temporarily reassigned to other work. Upon completion of the investigation, the petitioner was served with 19 charges of misconduct and insubordination. A hearing was held, after which the petitioner was found guilty of 16 of the charges and the penalty of termination of employment was imposed. The petitioner's defense, throughout these proceedings, has been that he was unfairly targeted based upon "reverse racism."

There is no merit to the petitioner's contention that he was selectively prosecuted for activity constituting a "departmental practice engaged in routinely with impunity by all and/or virtually every one of [his] co-workers." The petitioner failed to show that he and others allegedly treated differently were "similarly situated" with respect to the extent and nature of the misconduct and insubordination. Moreover, the respondents showed that appropriate disciplinary measures were taken against other Sanitation Department workers for some of the same misconduct in which the petitioner was found to have engaged. Thus, we conclude that the Village Manager's determination to deny the petitioner's administrative appeal was supported by substantial evidence.

Contrary to the petitioner's contention, the charges were sufficient "to apprise [the petitioner] of the charges against him . . . and to allow for the preparation [and presentation] of an adequate defense" (*Matter of Block v Ambach*, 73 NY2d 323, 333 [1989]; *see Matter of D'Ambrosio v Department of Health of State of N.Y.*, 4 NY3d 133 [2005]), which is all that was required.

Furthermore, the Village Manager who made the final decision on the petitioner's administrative appeal was not required to recuse himself, as there is no evidence he was biased based upon his mere presence when the complaint was delivered to the Mayor (*see Matter of 1616 Second Ave. Rest. v New York State Liq. Auth.*, 75 NY2d 158, 161 [1990]; *Matter of Hughes v Suffolk County Dept. of Civ. Serv.*, 74 NY2d 833, 834 [1989]; *Matter of Warder v Board of Regents of Univ. of State of N.Y.*, 53 NY2d 186, 197 [1981]).

Lastly, in view of the petitioner's repeated and numerous acts of misconduct, and the serious nature of the acts, it cannot be concluded, "as a matter of law, that the penalty of [termination] shocks the judicial conscience" (*Matter of Kreisler v New York City Tr. Auth.*, 2 NY3d 775, 776 [2004]; *see Matter of Rutkunas v Stout*, 8 NY3d 897, 898 [2007]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222 [1974]; *Matter of Kaufman v Wells*, 56 AD3d 674, 675 [2008]). Balkin, J.P., Hall, Roman and Cohen, JJ., concur.