■ In the Matter of KEVIN BANKS, Petitioner, v JOHN RHEA, as Chairperson of the New York City Housing Authority, Respondent. [19 NYS3d 337]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York City Housing Authority dated October 10, 2012, which adopted the recommendation of a hearing officer dated September 14, 2012, made after a hearing, denying the petitioner's grievance challenging the denial of his request to succeed to the lease of his late mother's apartment as a remaining family member.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioner sought to succeed to the lease of his late mother's apartment as a remaining family member in a building managed by the New York City Housing Authority (hereinafter NYCHA). His request was denied. After a hearing, NYCHA denied the petitioner's grievance challenging the denial of his request, finding that he was not a "remaining family member" within the meaning of NYCHA rules. The petitioner thereafter commenced this proceeding pursuant to CPLR article 78.

As relevant here, NYCHA rules provide that in order to succeed to a lease as a remaining family member, a claimant must have been authorized to occupy the apartment, and remain in continuous occupancy from the date he or she receives the housing manager's written permanent residency permission for not less than one year immediately prior to the date that the tenant vacates the apartment or dies (see New York City Housing Authority [NYCHA] Management Manual, ch IV, § XII [A] [2]). If the authorized occupancy is less than one year, the claimant is denied remaining family member status (see id.). Here, NYCHA's determination to deny the petitioner's remaining family member grievance was supported by substantial evidence (see Matter of Hidalgo v Rhea, 126 AD3d 977, 978 [2015]; Matter of Figueroa v Rhea, 120 AD3d 814, 814-815 [2014]; Matter of Marcus v New York City Hous. Auth., 106 AD3d 1088, 1089 [2013]). The record developed at the hearing established that the petitioner never obtained written permission for permanent residency from the housing manager of the public housing development in which he lived with his mother, and, in any event, did not, prior to his mother's death, continuously reside in his mother's apartment for a period of at least

one year from the date of an authorized occupancy, so as to become a remaining family member with the right of succession to the lease pursuant to NYCHA's published rules (*see Matter of Hidalgo v Rhea*, 126 AD3d at 978; *Matter of Figueroa v Rhea*, 120 AD3d at 815; *Matter of Perez v New York City Hous. Auth.*, 99 AD3d 624, 624-625 [2012]).

The petitioner's remaining contentions are without merit. Dillon, J.P., Miller, Duffy and LaSalle, JJ., concur.