Matter of Rivera v New York City Hous. Auth. (2019 NY Slip Op 02102)





Matter of Rivera v New York City Hous. Auth.


2019 NY Slip Op 02102


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX, JJ.


2017-00128
 (Index No. 2702/16)

[*1]In the Matter of Isabel Rivera, petitioner,
v
New York City Housing Authority, respondent.


Louis R. Rosenthal, Brooklyn, NY, for petitioner.
David I. Farber, New York, NY (Nancy M. Harnett and Andrew M. Lupin of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York City Housing Authority dated December 21, 2015, which adopted the recommendation of a hearing officer dated November 9, 2015, made after a hearing, denying the petitioner's grievance challenging the denial of her request to succeed to the tenancy of her late sister's apartment as a remaining family member.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
Substantial evidence in the record supports the determination of the New York City Housing Authority (hereinafter NYCHA) that the petitioner never obtained written permission for permanent occupancy from the housing manager of the public housing development in which she allegedly lived with her sister, and did not, prior to her sister's death, continuously reside in her sister's apartment for a period of at least one year from the date of an authorized occupancy, so as to become a remaining family member with the right of succession to the apartment pursuant to NYCHA's published rules (see Matter of Banks v Rhea, 133 AD3d 745, 745-746; see Matter of Hidalgo v Rhea, 126 AD3d 977, 978; Matter of Figueroa v Rhea, 120 AD3d 814, 814-815; Matter of Marcus v New York City Hous. Auth., 106 AD3d 1088, 1089). Accordingly, the petitioner could not succeed to the tenancy of her later sister's apartment as a remaining family member, and we agree with NYCHA's denial of the petitioner's grievance.
The petitioner's remaining contentions are either without merit or improperly raised for the first time on appeal.
BALKIN, J.P., CHAMBERS, ROMAN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court