Matter of Nealy v New York City Hous. Auth. (2020 NY Slip Op 01346)





Matter of Nealy v New York City Hous. Auth.


2020 NY Slip Op 01346


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-01321
 (Index No. 3073/16)

[*1]In the Matter of Annette Nealy, petitioner,
v
New York City Housing Authority, respondent.


Cravath, Swaine & Moore LLP, New York, NY (Rachel Skaistis, Sean M. Linnehan, Tara P. Ganapathy, and Courtney A. Gans of counsel), for petitioner.
David I. Farber, New York, NY (Nancy M. Harnett and Seth E. Kramer of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York City Housing Authority dated December 23, 2015, which adopted the recommendation of a hearing officer dated November 16, 2015, made after a hearing, denying the petitioner's grievance challenging the denial of her request to succeed to the lease of her late father's apartment as a remaining family member.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
Substantial evidence in the record supports the determination of the New York City Housing Authority (hereinafter NYCHA) that the petitioner never obtained written permission for permanent occupancy from the housing manager of the public housing development in which she allegedly lived with her late father, and did not, prior to her father's death, continuously reside in her father's apartment for a period of at least one year from the date of an authorized occupancy, so as to become a remaining family member with the right of succession to the apartment pursuant to NYCHA's published rules (see Matter of Rivera v New York City Hous. Auth., 170 AD3d 1026, 1027; Matter of Banks v Rhea, 133 AD3d 745, 745-746; Matter of Hidalgo v Rhea, 126 AD3d 977, 978; Matter of Figueroa v Rhea, 120 AD3d 814, 814-815; Matter of Marcus v New York City Hous. Auth., 106 AD3d 1088, 1089). Had the petitioner's request to permanently add herself to her father's household been granted, the petitioner would still have been ineligible for remaining family member status, since her father died less than one year after that request was made (see Matter of Hidalgo v Rhea, 126 AD3d at 978; Matter of Figueroa v Rhea, 120 AD3d at 815). Accordingly, the petitioner could not succeed to the lease of her late father's apartment as a remaining family member, and we confirm NYCHA's determination to deny the petitioner's grievance.
The petitioner's remaining contentions are without merit.
ROMAN, J.P., MILLER, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court