Matter of Marty v CVR N.Y. Westchester Hous. Choice Voucher Program (2024 NY Slip Op 01924)

Matter of Marty v CVR N.Y. Westchester Hous. Choice Voucher Program

2024 NY Slip Op 01924

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-01323
 (Index No. 58168/20)

[*1]In the Matter of Jose Marty, petitioner, 
v
CVR New York Westchester Housing Choice Voucher Program, et al., respondents.

Legal Services of the Hudson Valley, Yonkers, NY (Kathleen Fitzgerald of counsel), for petitioner.
Geist Schwarz & Jellinek, PLLC, White Plains, NY (Matthew D. Schwarz and Adrienne E. Novak of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the CVR New York Westchester Housing Choice Voucher Program dated May 13, 2020. The determination, after a hearing, denied the petitioner's request to receive the housing choice voucher of Rosa Cintron as a remaining family member.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
Substantial evidence in the record supports the determination of the CVR New York Westchester Housing Choice Voucher Program (hereinafter the Voucher Program) that the petitioner never obtained written permission for permanent occupancy from the housing manager of the public housing development in which he alleged he lived with Rosa Cintron until her death and that he did not, prior to Cintron's death, reside continuously in Cintron's apartment for a period of at least one year from the date of an authorized occupancy, so as to become a remaining family member with the right of succession to the housing choice voucher (see Matter of Nealy v New York City Hous. Auth., 180 AD3d 1045, 1045; Matter of Hidalgo v Rhea, 126 AD3d 977, 978). Had the request to permanently add the petitioner to Cintron's household been granted, the petitioner still would have been ineligible for remaining family member status because Cintron died less than one year after any such request would have been made (see Matter of Nealy v New York City Hous. Auth., 180 AD3d at 1045).
Accordingly, the petitioner could not receive Cintron's housing choice voucher as a remaining family member, and we confirm the Voucher Program's determination to deny the petitioner's request, deny the petition, and dismiss the proceeding on the merits.
The petitioner's remaining contention is without merit.
DILLON, J.P., DUFFY, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court