*488 Determination of respondent New York City Housing Authority (NYCHA), dated April 11, 2012, which, after a hearing, approved the decision to deny petitioner’s grievance, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Donna M. Mills, J.], entered October 23, 2012), dismissed, without costs.
Substantial evidence supports NYCHA’s determination that adding petitioner’s daughter as a permanent tenant in the household would create an overcrowding situation in violation of NYCHA’s occupancy standards and would unfairly provide a windfall to her daughter to the detriment of other potential tenants (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). NYCHA’s occupancy standards do not permit an additional person to permanently join a household in a one-bedroom apartment unless that person is a spouse, domestic partner, or child under the age of six (see Matter of Bashmet v Hernandez, 87 AD3d 866, 866 [1st Dept 2011]). Although petitioner has a disability requiring essentially 24-hour care, her disability was reasonably accommodated by the offer to permit her adult daughter to reside in the apartment on a temporary basis, which she can continue to do as long as petitioner requires her assistance (see Executive Law § 296; Administrative Code of City of NY § 8-107 [5] [a] [1]; [15]).
We have considered petitioner’s remaining contentions and find them unavailing. Concur—Friedman, J.E, Richter, Feinman, Gische and Clark, JJ.