WILSON, J.
*467 Jonas Aponte brought this CPLR article 78 proceeding challenging the New York City Housing Authority's (NYCHA) determination denying him "remaining family member" (RFM)
***697 status with regard to his late mother's apartment. We now reverse the Appellate Division and reinstate Supreme Court's denial of Mr. Aponte's article 78 petition.
In 2009, Mr. Aponte moved into his mother's one-bedroom apartment in a NYCHA-owned public housing development, and dutifully cared for her through her advanced dementia until she died in 2012. Two requests were submitted for Mr. Aponte to be granted permanent permission to live with his mother in her apartment; both were denied. Neither of the Apontes ever made a written request for Mr. Aponte to reside in the apartment on a temporary basis.*
After his mother passed away, Mr. Aponte requested that he be allowed to lease her apartment as a "remaining family member." NYCHA denied his request, and a hearing officer subsequently agreed, finding that Mr. Aponte lacked permanent permission to reside in the apartment, and that management properly denied such permission because Mr. Aponte's presence would have violated occupancy rules for overcrowding. Overcrowding, which, among other circumstances is defined as when a single adult and an adult child live together in a one-bedroom apartment, under NYCHA rules, precludes a person from seeking permanent permission for residency in the apartment. A person lacking permanent permission to reside in an apartment is not eligible for RFM status. NYCHA adopted the hearing officer's decision in its final determination denying Mr. Aponte's grievance.
Thereafter, Mr. Aponte commenced this article 78 proceeding, arguing that NYCHA's decision was arbitrary and capricious, that he had a right to his mother's apartment, and that NYCHA's actions violated federal, state, and New York City antidiscrimination laws. "In reviewing an administrative agency determination, [courts] must ascertain whether there is a rational basis for the action in question or whether it is arbitrary and capricious" ( Matter of Gilman v. New York State Div. of Hous. & Community Renewal, 99 N.Y.2d 144, 149, 753 N.Y.S.2d 1, 782 N.E.2d 1137 [2002] ).
***698 "Arbitrary action is without sound basis in reason and is generally taken without regard to facts" ( *468 Pell v. Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 N.Y.2d 222, 231, 356 N.Y.S.2d 833, 313 N.E.2d 321 [1974] ). Moreover, "courts must defer to an administrative agency's rational interpretation of its own regulations in its area of expertise" ( Peckham v. Calogero, 12 N.Y.3d 424, 431, 883 N.Y.S.2d 751, 911 N.E.2d 813 [2009] ).
Under its rules, NYCHA could not have granted Mr. Aponte permanent permission to reside in his mother's apartment, and thus could not have granted his request for RFM status (Matter of Ortiz v. Rhea, 127 A.D.3d 665, 666, 8 N.Y.S.3d 188 [1st Dept. 2015] ["(t)he only written consent petitioner ever acquired to occupy the apartment was as a temporary resident, which did not qualify her for RFM status"]; see also Matter of Banks v. Rhea, 133 A.D.3d 745,745, 19 N.Y.S.3d 337 [2d Dept. 2015] [petitioner not eligible as a remaining family member when record "established that the petitioner never obtained written permission for permanent residency from the housing manager"] ). However, NYCHA's rules contemplate that a tenant may require a live-in home-care attendant, either for the duration of a transient illness or the last stages of life, and its rules expressly allow for a live-in home-care attendant as a temporary resident, even if the grant of permission would result in "overcrowding," without regard to whether the home-care attendant is related to the tenant. Mr. Aponte was, in effect, afforded temporary residency status. Essentially, Mr. Aponte is arguing that NYCHA's policy is arbitrary and capricious because it does not allow him to bypass the 250,000-household waiting line as a reward for enduring an "overcrowded" living situation while caring for his mother. NYCHA could adopt the policy Mr. Aponte advocates, to encourage people to care for elderly relatives by giving them a succession priority over others, but we cannot say on the record before us that its adoption of a different policy, prioritizing children in need and persons facing homelessness when allocating its insufficient stock of public housing, is arbitrary or capricious.
Finally, to the extent Mr. Aponte argues that NYCHA violated federal, state and city antidiscrimination laws by refusing to provide a reasonable accommodation for his mother's disability by denying him permanent residency permission, that issue is not properly before us, as it was not raised at the administrative hearing (see Peckham, 12 N.Y.3d at 430, 883 N.Y.S.2d 751, 911 N.E.2d 813 ). Moreover, ***699 Ms. Aponte's affidavits of income submitted to NYCHA affirmatively stated she did not wish any accommodation for dementia. Despite the urging of Mr. Aponte and amici, this appeal does not raise the question of whether and in what circumstance NYCHA might be required to do more than grant temporary residence in an overcrowded apartment to make a reasonable accommodation.
Accordingly, the Appellate Division order should be reversed, without costs, and the order of Supreme Court reinstated.

At oral argument, NYCHA's counsel explained that, in Ms. Aponte's case, NYCHA did not follow its procedures pertaining to disabled residents. Counsel represented that the building manager, knowing that Ms. Aponte suffered from severe dementia, required full-time care, and was seeking to have her son reside in her apartment to provide that care, should have ensured that a NYCHA representative directly communicated with the Apontes about the various options available to them under NYCHA's procedures, including the right to apply for temporary caregiver status for her son and to grieve an adverse decision. Counsel assured the Court that the breakdown here was atypical.