Matter of Blas v Olatoye (2018 NY Slip Op 03618)





Matter of Blas v Olatoye


2018 NY Slip Op 03618


Decided on May 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 17, 2018

Friedman, J.P., Sweeny, Kapnick, Kahn, Oing, JJ.


6585 100984/16

[*1]In re Norma Blas, Petitioner-Appellant,
v
Shola Olatoye, etc., et al., Respondents-Respondents.


Urban Justice Center, New York (Michael Grinthal of counsel), for appellant.
Kelly D. MacNeal, New York (Seth E. Kramer of counsel), for respondents.



Judgment (denominated an order), Supreme Court, New York County (Arthur F. Engoron, J.), entered January 17, 2017, denying the petition seeking to annul a determination of respondent New York City Housing Authority (NYCHA), dated March 22, 2016, which denied petitoner's remaining family member (RFM) grievance on the ground that she did not qualify as an RFM, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
NYCHA's denial of petitioner's grievance has a rational basis, as the evidence adduced at the administrative hearing shows that NYCHA never granted written permission for petitioner to reside in the tenant of record's apartment (see Matter of Aponte v Olatoye, 30 NY3d 693, 697 [2018]; Matter of Ortiz v Rhea, 127 AD3d 665, 666 [1st Dept 2015]). Petitioner's absence from any of the affidavits of income provides a further rational basis for denial of RFM status (see Matter of Carmona v New York City Hous. Auth., 134 AD3d 404, 405 [1st Dept 2015], lv denied 26 NY3d 1114 [2016]; Matter of Dancil v New York City Hous. Auth., 123 AD3d 442 [1st Dept 2014]).
Petitioner waived her disability discrimination claims (under a theory of failure to reasonably accommodate) by failing to raise them at the administrative hearing (see Aponte, 30 NY3d at 698; Matter of Jenkins v New York City Hous. Auth., Amsterdam Houses, 129 AD3d 432, 432 [1st Dept 2015]).
Setting aside the lack of preservation, petitioner further lacks standing to challenge the denial of the request for reasonable accommodation made by her late mother, the tenant of record (see Rosello v Rhea, 89 AD3d 466, 467 [1st Dept 2011]).
Moreover, were we to consider petitioner's claim for associational discrimination, we would find that the record shows that she effectively received the accommodation to which she would have been entitled had there been an effective request for reasonable accommodation, or had NYCHA formally engaged in an interactive dialogue aimed at reaching a reasonable accommodation (see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 836 [2014]; see also Aponte, 30 NY3d at 702 [Rivera, J., concurring); that is, she received temporary residency status, which is the most she would have been entitled to as a live-in caregiver, given [*2]that her mother lived in a one-bedroom apartment (see Aponte, 30 NY3d at 698; Matter of Chun Po So v Rhea, 106 AD3d 487, 488 [1st Dept 2013]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 17, 2018
CLERK