Matter of Cintron v Olatoye (2018 NY Slip Op 08929)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Cintron v Olatoye

2018 NY Slip Op 08929

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-07816
(Index No. 14030/15)

[*1]In the Matter of David Cintron, respondent, 
vShola Olatoye, etc., et al., appellants.

David I. Farber, New York, NY (Nancy M. Harnett and Seth E. Kramer of counsel), for appellants.
Brooklyn Legal Services Corp. A, Brooklyn, NY (Martin S. Needelman and Janna Levin of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Housing Authority dated August 7, 2015, which adopted a decision of a hearing officer dated July 15, 2015, made after a hearing, denying the petitioner's grievance challenging the denial of his claim to succession rights to his deceased mother's apartment, the appeal is from a judgment of the Supreme Court, Kings County (Genine D. Edwards, J.), dated May 20, 2016. The judgment granted the petition and, in effect, annulled the determination and sustained the grievance.
ORDERED that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed on the merits.
In this proceeding pursuant to CPLR article 78, the petitioner sought review of the denial of a grievance wherein he challenged the denial of his claim to succession rights to his deceased mother's apartment as a member of her family. The judgment appealed from granted the petition and, in effect, annulled the determination denying the grievance and thereupon sustained the grievance.
The determination denying the petitioner's grievance had a rational basis. The evidence adduced at the administrative hearing demonstrated that the New York City Housing Authority (hereinafter NYCHA) never granted the petitioner written permission to reside in the apartment of his mother, who was the tenant of record until her death (see Matter of Aponte v Olatoye, 30 NY3d 693, 697; Matter of Blas v Olatoye, 161 AD3d 562). "Under its rules, NYCHA could not have granted [the petitioner] permanent permission to reside in his mother's apartment, and thus could not have granted his request for [remaining family member] status" (Matter of Aponte v Olatoye, 30 NY3d at 698).
Further, the petitioner's mother did not list the petitioner's income on any of the affidavits of income that she filed with respect to the apartment. This constitutes an additional rational basis for the denial of the petitioner's claim for status as a remaining family member (see Matter of Blas v Olatoye, 161 AD3d 562).
The petitioner lacks standing to claim that the denial of permission for him to reside in the apartment as a permanent resident deprived his mother of a reasonable accommodation for her disability (see id.). In any event, the record shows that his mother effectively received the accommodation to which she would have been entitled because the petitioner was effectively given temporary residency status (see id.).
Accordingly, the petition should have been denied, and the proceeding dismissed on the merits.
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court