Matter of Rising Tide Fuel, LLC v Bambino (2019 NY Slip Op 06498)





Matter of Rising Tide Fuel, LLC v Bambino


2019 NY Slip Op 06498


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2017-04899
 (Index No. 17407/15)

[*1]In the Matter of Rising Tide Fuel, LLC, appellant,
v
Robert Bambino, etc., respondent.


Gerald V. Dandeneau, P.C., Melville, NY, for appellant.
Joseph Wilson, Town Attorney, Lindenhurst, NY (Jerry C. Guarino of counsel), for respondent.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, the petitioner/plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated March 27, 2017. The judgment, insofar as appealed from, denied the petition, in effect, to review a determination of the respondent Robert Bambino, in his capacity as Fire Marshal of the Town of Babylon, finding that the petitioner/plaintiff's mobile marine fueling business violated the New York State Fire Code, and, in effect, dismissed the proceeding pursuant to CPLR article 78.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The petitioner/plaintiff, Rising Tide Fuel, LLC (hereinafter the petitioner), is a business that provides mobile gasoline and diesel fueling, via tank truck, for boats and other watercraft at private homes and marinas. In 2009, the Fire Marshal of the Town of Babylon (hereinafter the town fire marshal) sought an opinion from the New York State Department of State (hereinafter NYSDOS) regarding the legality of the petitioner's mobile marine fueling operations. In its response, dated May 27, 2009, NYSDOS summarized the query as "whether [the petitioner] can deliver gasoline and diesel fuel to individual boats in dry dock or in the water at the individual's home," and answered "NO." However, the opinion went on to express the view that, pursuant to section 3406.5.4.1 of the New York State Fire Code (hereinafter NYSFC), the municipality's code enforcement officer had the authority to approve the petitioner's operations if the petitioner complied with the other requirements of that section.
The town fire marshal thereafter ordered the petitioner to cease and desist from its mobile marine fueling operations, on the grounds that NYSFC § 2210.4 strictly prohibited the petitioner from using a tank truck to fuel floating marine craft with gasoline, and that the dispensing of diesel fuel required the prior approval of the town fire marshal. The petitioner commenced this hybrid proceeding and action seeking, among other things, in effect, review of the town fire marshal's determination. The Supreme Court concluded that the town fire marshal had a rational basis for prohibiting the petitioner's mobile marine fueling operations, and therefore, inter alia, denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
" In reviewing an administrative agency determination, [courts] must ascertain whether there is a rational basis for the action in question or whether it is arbitrary and capricious'" (Matter of Aponte v Olatoye, 30 NY3d 693, 697, quoting Matter of Gilman v New York State Div. of Hous. & Community Renewal, 99 NY2d 144, 149; Matter of 96 Wythe Acquisition, LLC v Jiha, 165 AD3d 1100, 1101). As a general matter, " [a]n agency's interpretation of the statutes and regulations that it administers is entitled to deference, and must be upheld if reasonable'" (Matter of 96 Wythe Acquisition, LLC v Jiha, 165 AD3d at 1101, quoting Matter of ATM One, LLC v New York State Div. of Hous. & Community Renewal, 37 AD3d 714, 714). However, where "the question is one of pure statutory reading and analysis, dependent only on an accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency and its interpretive regulations are therefore to be accorded much less weight" (Matter of Moran Towing & Transp. Co. v New York State Tax Commn., 72 NY2d 166, 173 [internal quotation marks omitted]).
Here, we find that the town fire marshal's interpretation of the fire code is entirely reasonable and consistent with the language of the code.
NYSFC § 2210.4—which is contained in chapter 22 of the fire code—provides, in relevant part, that "[f]ueling of floating marine craft with Class I fuels [i.e., gasoline] at other than a marine motor fuel-dispensing facility is prohibited." It is undisputed that the petitioner's tank truck does not constitute a marine motor fuel-dispensing facility. Conversely, NYSFC § 3406.5.4.1, upon which the petitioner relies, provides that "[l]iquids intended for use as motor fuels are allowed to be transferred from tank vehicles into the fuel tanks of marine craft and special equipment when approved by the code enforcement official," when specified criteria are met. Also relevant to our analysis is NYSFC § 3401.2, which provides that chapter 34 of the fire code "shall not apply to liquids as otherwise provided in other . . . chapters of this code," as well as NYSFC § 102.1, which provides that "[w]here there is a conflict between a general requirement and a specific requirement, the specific requirement shall be applicable."
Contrary to the petitioner's contention, the prohibition of NYSFC § 2210.4 prevails over the provisions of section 3406.5.4.1. While both provisions ostensibly deal with the same subject matter—namely, the fueling of marine craft—NYSFC § 2210.4 is contained in a chapter of the code other than chapter 34, and applies only to flammable liquids such as gasoline. Conversely, section 3406.5.4.1 is contained within chapter 34 of the fire code, and applies more broadly to "[l]iquids intended for use as motor fuels." In light of the interpretive rules set out in NYSFC §§ 102.1 and 3401.2, it follows that section 2210.4's strict prohibition is controlling, regardless of whether the petitioner's operations could otherwise satisfy the requirements of section 3406.5.4.1.
Accordingly, we agree with the Supreme Court's determination denying the petition and, in effect, dismissing the proceeding pursuant to CPLR article 78.
CHAMBERS, J.P., MILLER, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court