Matter of Crawford v Brezenhoff (2020 NY Slip Op 05983)





Matter of Crawford v Brezenhoff


2020 NY Slip Op 05983


Decided on October 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

Before: Friedman, J.P., Kern, Scarpulla, Shulman, JJ. 


Index No. 452177/18 Appeal No. 12140 Case No. 2019-5735 

[*1]In re Alonzo Crawford, Petitioner-Appellant,
v
Stanley Brezenhoff, Respondent-Respondent.


Neighborhood Defender Service of Harlem, New York (Anna Luft of counsel), for appellant.
Lisa Bova-Hiatt, New York City Housing Authority Law Department, New York (Hanh H. Le of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about June 28, 2019, denying the petition to annul the determination of New York City Housing Authority (NYCHA), dated July 23, 2018, which denied, after a hearing, petitioner's remaining family member (RFM) grievance following the death of his grandmother, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously vacated, the petition treated as one transferred to this Court for de novo review, and, upon such review, the determination, unanimously confirmed, the petition denied, and the proceeding dismissed, without costs.
The petition "raised an issue of substantial evidence" and "should have been transferred to this Court pursuant to CPLR 7804(g)." As such, "we will 'treat the substantial evidence issues de novo and decide all issues as if the proceeding had been properly transferred'" (Matter of Roberts v Rhea, 114 AD3d 504, 504 [1st Dept 2014], quoting Matter of Jimenez v Popolizio, 180 AD2d 590, 591 [1st Dept 1992]).
There is substantial evidence in the record to support NYCHA's determination denying the RFM grievance, because NYCHA never gave written permission for petitioner to live in the subject apartment. Moreover, petitioner's grandmother lived in a one-bedroom unit, and petitioner's (and his two children's) residence would have caused an impermissible overcrowded living situation. For this reason and "[u]nder its rules, NYCHA could not have granted [petitioner] permanent permission to reside in his [grand]mother's apartment, and thus could not have granted his request for RFM status" (See Matter of Aponte v Olatoye, 30 NY3d 693, 698 [2018]).
The Hearing Officer rationally found that NYCHA, "in effect, afforded temporary residency status," to petitioner because he tacitly was allowed to live in the unit to care for his grandmother, who suffered from dementia (Matter of Aponte, 30 NY3d at 698). This temporary residency status was "effectively . . . the accommodation to which []he would have been entitled . . . had NYCHA formally engaged in an interactive dialogue aimed at reaching a reasonable accommodation" (Matter of Blas v Olatoye, 161 AD3d 562, 563 [1st Dept 2018]).
Further, petitioner's challenges to the validity of NYCHA's policies concerning overcrowding, permanent permission, and RFM applications are waived because they were not raised below. In any event, the challenged policies merely accommodate federal law and are not formal rules and regulations of NYCHA (see Matter of Abdil v Martinez, 307 AD2d 238, 241 [1st Dept 2003][Deeming a permanent permission request denied after 60 days is part of "the 'written consent' requirement[,] . . . a policy that only accommodates federal law, . . . not a formal 'rule or regulation'"]; see also Matter of Daniels v New York City Hous. Auth., 66 AD3d 579, 580 [1st Dept 2009]; 24 CFR 960.202[a], 960.203[c], 966.4[a][1][v]; 24 CFR 960.257[d]; 24 CFR 966.4[d][3]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2020