Matter of Figueroa v Olatoye (2021 NY Slip Op 06996)





Matter of Figueroa v Olatoye


2021 NY Slip Op 06996


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-00812
 (Index No. 1997/17)

[*1]In the Matter of Lydia Figueroa, petitioner,
v
Shola Olatoye, etc., et al., respondents.


Janet E. Sabel, New York, NY (Adriene Holder, Jean Callahan, and Mimi Rosenberg of counsel), for appellant.
Kelly D. MacNeal, New York, NY (Nancy M. Harnett and Seth E. Kramer of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York City Housing Authority dated March 6, 2017, which adopted the recommendation of a hearing officer dated February 6, 2017, made after a hearing, denying the petitioner's grievance challenging the denial of her request to succeed to the tenancy of her late mother's apartment as a remaining family member.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
The petitioner sought to succeed to the lease of her late mother's one-bedroom apartment in a New York City Housing Authority (hereinafter NYCHA) development as a remaining family member. Her request was denied. In a recommendation dated February 6, 2017, made after a hearing, a hearing officer denied the petitioner's grievance challenging the denial of her request, finding that she was not a remaining family member within the meaning of NYCHA regulations. In a determination dated March 6, 2017, NYCHA adopted the hearing officer's recommendation Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 to review NYCHA's determination. In an order dated December 20, 2017, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
Substantial evidence in the record supports the determination of NYCHA that the petitioner never obtained written permission for permanent occupancy from the housing manager of the public housing development in which she lived with her mother, who was the sole tenant of record until her death (see Matter of Aponte v Olatoye, 30 NY3d 693, 697; Matter of Crawford v Brezenhoff, 187 AD3d 598, 599; Matter of Cintron v Olatoye, 167 AD3d 1003, 1004). "Under its rules, NYCHA could not have granted [the petitioner] permanent permission to reside in [her] mother's apartment, and thus could not have granted [her] request for [remaining family member] status" (Matter of Aponte v Olatoye, 30 NY3d at 698).
Further, the record demonstrated that the petitioner's mother did not list the [*2]petitioner's income on any of the affidavits of income that she filed with respect to the apartment (see Matter of Cintron v Olatoye, 167 AD3d at 1004; Matter of Blas v Olatoye, 161 AD3d 562, 562; see also Matter of Hockaday v Olatoye, 179 AD3d 626).
Moreover, the petitioner lacks standing to claim that the denial of permission for her to reside in the apartment as a permanent resident deprived her mother of a reasonable accommodation for her disability (see Matter of Cintron v Olatoye, 167 AD3d at 1004; Matter of Blas v Olatoye, 161 AD3d at 563). As for the petitioner's claim for associational discrimination, the record shows that the petitioner received the accommodation to which she and her mother, who lived in a one-bedroom apartment, would have been entitled because the petitioner was, in effect, given temporary residency status which is what, at most, she would have been entitled to as a live-in caregiver given NYCHA's policy with respect to overcrowding (see Matter of Blas v Olatoye, 161 AD3d at 563; see also Matter of Crawford v Brezenhoff, 187 AD3d at 599; Matter of Cintron v Olatoye, 167 AD3d at 1004).
Accordingly, we confirm NYCHA's determination, deny the petition, and dismiss the proceeding on the merits.
MASTRO, J.P., AUSTIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court